## CURTIS v. HUNTING.

The recording act of this State has no reference to patents for land issued by the United States; and a copy of such a patent contained in the record books of a county, is not admissible in evidence, under section 1228 of the Code; and were it so admissible, there should be some evidence accounting for the absence of the original patent, and the record books should be proved.

Curtis v. Hunting.

Where a defendant filed a motion for a new trial, for the reason that the court refused to give certain instructions, which instructions were copied into the motion; and where on the motion for a new trial being overruled, the defendant excepted, setting out in his bill the motion and instructions; and where it was assigned for error in the supreme court, that the court below erred in refusing to give the instructions asked for by the defendant: *Held,* That it did not appear to the supreme court that such instructions were asked for by the defendant, and refused by the court.

*Appeal from the Jackson District Court.*

WEDNESDAY, OCTOBER 13.

An action to recover damages occasioned by the overflow of lands, caused by the erection of a mill dam. The material facts appear in the opinion of the court.

*S. P. Adams,* for the appellant.

*D. F. Spurr,* for the appellee.

WOODWARD, J.—One error assigned by the defendants, who appealed, is to the refusal of the court to give certain instructions, asked by defendants, as they allege. But, unfortunately, at least in respect to their desire to be heard, these proposed instructions are not before us, nor the refusal of the court, so that we can adjudicate upon them. The defendants first filed a motion for a new trial, for the reason that the court refused to give certain instructions, and these are contained in the motion. This motion was overruled. They then file a bill of exceptions, containing the motion for a new trial, and which itself embraces the supposed instructions. A little reflection will render it manifest, that there is nothing which shows this court, that such instructions were asked by counsel, and were refused by the court. The case is precisely like that of *Herring* v. *The State,* 1 Iowa, 206—the first paragraph in the opinion of which case, is entirely applicable to the one at bar.

The other error assigned is, that the court permitted the plaintiff to give in evidence, as a proof of his title to the land, which was denied, the record copy of a patent of said lands from the United States to one Clark, from whom the plaintiff claimed, and without a showing to account for the non-production of the original, and without proof that the book was a part of the records of the county. This appears in a bill of exceptions. The recording act has no reference to patents for land issued by the United States, and a copy of such a patent, contained in the record books of the county, is not admissible under section 1228 of the Code; and, were it so admissible, there should be some evidence accounting for the want of the original. Strictly, the books should be proved.

On this assignment, the judgment must be reversed.