[Filed May 19, 1890.]

## WILLIAM MEACHAM, APPELLANT, *v.* WILLIAM STEWART, RESPONDENT.

PATENTS—WHEN NOT REQUIRED TO BE RECORDED.—Patents from the Government or State do not come within the provisions of the recording laws of the State where, by the terms of the statute, they are not expressly included.

PATENTS—WHEN TO BE RECORDED.—Section 3038 applies in terms to State deeds or patents, and expressly provides that the effect of recording them shall be the same as other deeds.

EFFECT OF RECORD—PRIORITY.—To give them like effect as other deeds, priority of record confers superiority of title to a subsequent *bona fide* purchaser of the same lands from the State.

APPEAL from Union county: JAS A. FEE, judge.

This was an action in ejectment to recover certain lands described herein. The verdict and judgment were for the defendant, from which this appeal has been brought. The plaintiff deraigns his title through a deed of conveyance made by the governor, the secretary of state and the treasurer, as a board of school land commissioners, for the land in dispute, to H. J. Meacham, dated on the fifteenth day of November, 1871, and recorded on the sixth day of June, 1883. The deed is in the form prescribed by the statute, and the grantee therein is the ancestor of the plaintiff. The defendant deraigns his title through a deed of conveyance made by the same public officials, as a board of school land commissioners, for the same land to one T. J. Hilts, dated on the tenth day of August, 1874, and recorded on the seventeenth day of September, 1878, etc.

*Robert Aiken,* for Appellant.

*W. M. Ramsey,* for Respondent

LORD, J., delivered the opinion of the court.

It will be noticed that, while the deed through which the plaintiff claims was executed prior to the deed through which the defendant claims, the deed of the latter was recorded prior to the former. Upon this state of facts the trial court held that the defendant had the better title, and instructed the jury accordingly with the result as stated. The question to be decided is, whether the statutes for recording conveyances apply to State deeds such as were made to Meacham and Hilts. These deeds were executed under section 10, pp. 631 and 632, Deady's compilation of 1872, which, among other things, provided: "Which deed, without acknowledgment, shall be admitted to record and convey to the grantee all the estate which the State had in the land at the date thereof; and the commissioners shall preserve, in a bound volume, duplicates of all such deeds, with an alphabetical index of names of grantees, and such duplicate shall be primary evidence of such conveyance." Section 3038, Hill's Code, is as follows: "Patents from the United States or of this State for lands within the State, * * * and conveyances executed by an officer of this State by authority of law, * * * shall be entitled to be recorded in the records of deeds in the county in which the lands lie, in like manner and with like effect as conveyances of land duly acknowledged, proved or certified." Section 3027, Hill's Code, provides; "Every conveyance of real property within this State hereafter made, which shall not be recorded, as provided in this title, within five days thereafter, shall be void against any subsequent purchaser in good faith for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded."

The contention of the counsel for the defendant is, that by force of the provisions cited, the failure of a purchaser of lands from the State to record his deed within the time prescribed, and before the subsequent purchaser in good faith and for a valuable consideration of the same lands

from the State has recorded his deed, is visited with the same consequences as in other cases of private parties; in a word, that priority of record confers superiority of title. It is conceded that each party stands before the court as a *bona fide* purchaser for a valuable consideration, and that the record presents no issue of fact to be decided by a jury; the sole question being whether the recording acts apply to State deeds or patents. The counsel for the plaintiff insists that such laws do not apply and that the doctrine of notice, which they are designed to impart, has no application in such cases.

It is, no doubt, true that patents from the Government or State do not come within the provisions of the recording laws of the State where the terms of the statute do not specifically include them. *Moran* v. *Palmer*, 13 Mich. 367; *Curtis* v. *Huntington*, 6 Iowa, 536; though it is usual to record them in the county where the land is situated; and such registration as a rule is expressly permitted by statute. In *Moran* v. *Palmer*, *supra*, the act authorizing the record of such patents only authorized it to be used as evidence, and did not undertake to make patents not recorded void in favor of subsequent *bona fide* purchasers from the United States; but the provisions of our statute are different. The section already referred to, authorizing the making of State deeds and the form thereof, declares that such deeds without acknowledgment "shall be admitted to record," and further that the duplicates of all such deeds "shall be primary evidence of such conveyance"; and if the object of this is not to give notice, but only to make the record evidence as the deed itself, there still remains the further section (section 3038) declaring that such deeds "shall be entitled to be recorded in the record of deeds of the county in which the lands lie, *in like manner and with like effect* as conveyances of land duly acknowledged, proved, or certified." This section applies in terms to State deeds or patents, and expressly provides that the effect of recording them shall be the same as other deeds. If like effect is to be given to the recording or failure to record

such deeds as in cases of other deeds, they are within the provisions of section 3027, *supra*, declaring that a deed not recorded in five days from its execution is void as to subsequent purchasers in good faith and for a valuable consideration of the same real property whose conveyance shall be first recorded. Hence the deed to the plaintiff has become invalid, as against the defendant, by the operation of the recording acts.

There was no error and the judgment must be affirmed.