JOHN A. LOMAX

*v.*

AQUILA H. PICKERING.

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. DEEDS—*deed requiring approval by the President of the United States passes title on approval.* Where two deeds are executed to property by the same grantor, and the approval of the President of the United States is essential to the validity of a deed to such property, that deed passes title which first receives the President's approval.

2. SAME—*approval of deed by President of the United States need not be recorded where the land lies.* The record in the department at Washington of the approval of a deed by the President of the United States is notice of that fact to all concerned; and such approval need not be endorsed upon the deed, nor need any record thereof be made where the land conveyed is located.

3. SAME—*recording President's approval does not affect priority.* Where the President of the United States has approved two deeds for the same property, the priority of the one first approved will not be affected by the fact that the approval of the other is first recorded in the recorder's office where the property conveyed is located.

4. SAME—*approval of deed by President extended to partition proceedings under which grantor obtained title.* The approval of a deed by the President of the United States will be held to include certain partition proceedings under which the grantor obtained title, where the facts concerning the partition proceedings were before the President when his approval of the deed was given.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JAMES MAHER, (A. W. BROWNE, of counsel,) for appellant:

As soon as the title to land shall have passed from the United States it takes the character of other property within the State, and is subject to State legislation. 3 Washburne on Real Prop. (3d ed.) 169.

A subsequent purchaser has a right to presume, in the absence of any other information, that whatever title the prior purchaser has is on record, and that he has no title if the record shows none. *St. John* v. *Conger*, 40 Ill. 535.

A void instrument puts no one upon inquiry as to anything not contained therein. *Jones* v. *Noel*, 38 Ill. App. 378; *Bullock* v. *Battenhouser*, 108 Ill. 28.

JOHN P. AHRENS, and L. H. BISBEE, for appellee:

Patents of land from the United States do not come within the purview of the recording laws of the different States, when the terms employed do not specially include them. The original record in the general land office, from which patents are issued, is notice to the world of their existence. *Curtis* v. *Hunting*, 6 Iowa, 536; *David* v. *Rickabaugh*, 32 id. 540; *Rhinehart* v. *Schuyler*, 2 Gilm. 473; *Moran* v. *Palmer*, 13 Mich. 367; *Sands* v. *Davis*, 40 id. 14; *Evitts* v. *Roth*, 61 Tex. 81; *Stevens* v. *Geiser*, 71 id. 140; 20 Am. & Eng. Ency. of Law, 530.

State registry acts do not apply to patents emanating from either the State or the United States. *Graves* v. *Bruen*, 1 Gilm. 167.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of ejectment brought by A. H. Pickering, against John A. Lomax, to recover certain premises in Cook county, described in the declaration. On a trial in the circuit court the plaintiff recovered, and the defendant has appealed.

For the purpose of establishing title, the plaintiff, on the trial, introduced in evidence the following article of

the treaty between the United States and the Indians, found in United States Statutes at Large, (vol. 7, p. 320):

"Article 4.—Certain tracts to be granted to certain descendants from the Indians.—There shall be granted by the United States to each of the following persons (descendants from Indians) the following tracts of land, to-wit: To Claude Laframboise one section of land on the Riviere aux Pleins, adjoining the line of the purchase of 1816; to Francis Bourbonne, Jr., one section at the missionary establishment on the River Fox of the Illinois; to Alexander Robinson, for himself and children, two sections on the Riviere aux Pleins above, adjoining the tract herein granted to Claude Laframboise," etc.

The plaintiff also read in evidence a patent for the land, bearing date December 28, 1843. The treaty and the patent both contained the following provision: "To have and to hold the said tract of land, with the appurtenances, unto the said Alexander Robinson, for himself and children, and to his or their heirs and assigns forever, but never to be leased or conveyed by him, them, his or their heirs, to any person whatever, without the permission of the President of the United States." Plaintiff then read in evidence the proceedings in a certain cause in the Cook county court, wherein Joseph Robinson is complainant and Alexander Robinson and others defendants, for partition, wherein the lands in controversy were set off to Joseph Robinson. Plaintiff then read in evidence the following: "Joseph Robinson to John F. Horton.—Deed August 3, 1858; recorded July 16, 1861. (No approval of President.) Joseph Robinson to John F. Horton.—Certified copy of above deed, certified to by recorder August 1, 1870; recorded March 12, 1873. This certified copy has annexed to it certain documents showing it was submitted to Department Interior January 6, 1871; submitted to President January 21, 1871; approved by President January 21, 1871." This was followed by a regular chain of deeds from Horton to the plaintiff.

The defendant claimed title under the following conveyances: "Joseph Robinson to Alexander U. McClure. —Deed dated November 22, 1870; submitted to Interior Department February 21, 1871; submitted to and approved by President February 24, 1871; recorded March 11, 1871." The defendant connected himself with Alexander U. McClure by *mesne* conveyances from McClure to himself.

This is the second time this case has been in this court. On the first trial in the Superior Court the plaintiff in the action was defeated, and on appeal to this court we affirmed the judgment. (*Pickering* v. *Lomax*, 120 Ill. 289.) We held, under the provision in the treaty and in the patent prohibiting a sale of the premises without the permission of the President of the United States, that the deed made by Robinson without the approval of the President did not pass the title. A Federal question being involved, Pickering, the plaintiff, removed the case to the Supreme Court of the United States, where the judgment of this court was reversed and the cause remanded, the court holding that the President having approved the deed from Robinson to Horton thirteen years and six months after it was executed, validated the instrument. (*Pickering* v. *Lomax*, 145 U. S. 313.) Upon the second trial in the Superior Court the plaintiff offered the same evidence offered by him on the first trial, (excepting evidence of tax titles, of which there is none in the present record,) so that the evidence of appellee's title now before this court is precisely the same as it was before. The plaintiff's title resting in the deed from Joseph Robinson to John F. Horton dated August 3, 1858, and approved by the President January 21, 1871, having been sustained on the Federal question, which was the vital question in the case, it now only remains to be determined whether the evidence introduced on the second trial by the defendant, which is now for the first time before the court, was sufficient to defeat the title of the plaintiff.

In the opinion of the Supreme Court of the United States it is said: "If, after executing this deed, Robinson had given another to another person, with the permission of the President, a wholly different question would have arisen. But, so far as Robinson and his grantees are concerned, the approval of the President related back to the execution of the deed and validated it from that time. As was said by this court in *Cook* v. *Tullis*, 18 Wall. 332 (338): 'The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification. The retroactive efficacy of the ratification is subject to this qualification: The intervening rights of third persons cannot be defeated by the ratification.'" And it is said by appellant that his grantor, McClure, having obtained a deed from Robinson November 22, 1870,—before the deed from Robinson to Horton was approved by the President,—he falls within the exception and is entitled to protection. If the McClure deed had been approved by the President before the President approved the deed made to Horton, the position of appellant might be regarded as well taken. But such was not the case. The deed made to McClure, appellant's grantor, was not approved, and hence did not become a valid conveyance, until February 24, 1871, while in the meantime, and on January 21, 1871, the President approved the Horton deed. Thus the Horton deed, under the ruling of the Federal court, became and was a valid conveyance of the land almost a month before the McClure deed was approved and became effectual as a conveyance. Where, as here, two deeds were executed by the same grantor, the deed first approved by the President will carry the title.

But it is said, the McClure deed is entitled to priority under the recording laws of the State. Section 28 of our statute entitled "Conveyances" provides that "deeds,

mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this State, shall be recorded in the county in which such real estate is situated." By section 30 of the same act it is provided: "All deeds, mortgages and other instruments in writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice until the same shall be filed for record." Here the McClure deed, under which appellant claims, with the approval of the President endorsed thereon, was recorded in the recorder's office of Cook county March 11, 1871, while the Horton deed, containing the approval of the President, was not recorded until March 12, 1873, and it is contended that the deed first recorded bearing the approval of the President will take priority over the other deed recorded at a later date.

As respects the approval of the President required by the treaty and the provision in the patent to render the deed effectual, we do not think the recording laws have any bearing upon it. There was a record of the approval of the President in the department at Washington, and that record was notice to all concerned from the time it was made, and we do not think the recording laws of the State required a copy of that record to be recorded in the recorder's office where the land is located. A record of that character is similar to a patent issued by the President for lands that belong to the government, which is not required to be recorded in the county where the land is located. In the American and English Encyclopedia of Law (vol. 20, p. 530,) the author says: "Patents of land from the United States do not come within the purview of the recording laws of the different States when the terms employed do not specially include them. The original record in the general land office, from which patents

are issued, has been held to give notice to the world of their existence,"—citing *Curtis* v. *Hunting*, 6 Iowa, 536; *David* v. *Rickabaugh*, 32 id. 540; *Rhinehart* v. *Schuyler*, 2 Gilm. 473; *Moran* v. *Palmer*, 13 Mich. 367; *Sands* v. *Davis*, 40 id. 14; *Evitts* v. *Roth*, 61 Tex. 81; *Grave* v. *Bruen*, 1 Gilm. 167.

It was not necessary that the approval of the President should be endorsed on the deed. The approval might have been endorsed on a petition presented to him for his approval, or he might have made a record of the application, with his approval, without endorsing it on any paper. The record made in the department would be the evidence of the fact.

It is also claimed that plaintiff failed to establish title to the lands in question because it does not appear that the partition proceedings in the case of Joseph Robinson against Alexander Robinson and others, under which Joseph Robinson obtained the title to the premises in dispute in the portion of the lands granted to Alexander Robinson and his children, were approved by the President. When the Horton deed was presented to the President for his approval, as appears from the record, in connection with the deed, the President was furnished a statement in regard to the patent issued to Alexander Robinson and his children; also, that a petition for partition had been filed by Joseph Robinson against Alexander Robinson and others; that a decree had been rendered and the lands divided, and that 256 acres have been set off to Joseph Robinson, as shown by a plat presented. These facts were all before the President at the time he made the order approving the Horton deed, and we are inclined to hold that if the proceedings required approval, the approval of the Horton deed executed by Joseph Robinson, predicated, as it was, upon the partition proceedings, was, in contemplation of law, an approval of the partition proceedings.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*