## Jacob Doppelt, Appellee, v. David Geliebter, Samuel Woskow and Samuel Rusnak, Appellants.

### Gen. No. 16,404.

1. VENDOR AND PURCHASER—*failure to record United States Patent in County does not make title defective.* It is no objection to the title of a vendor of property in Cook county that a patent from the United States for the property has not been recorded in such county.

2. VENDOR AND PURCHASER—*that incumbrance assumed is due later than time stated in contract is not a defect in title.* Where a contract of sale provides that the buyer shall assume an incumbrance due in about four years, it is not a valid objection to the vendor's title that the incumbrance is due in five years.

3. VENDOR AND PURCHASER—*when nonpayment of instalments of special assessments does not affect title.* Where land is sold subject to any unpaid taxes or special assessments for improvements not yet completed, and to unpaid instalments "which fall due after —," levied for improvements completed, the clause is to be construed as though the quoted words were omitted, and an objection to the title that two instalments of a special assessment have not been paid, is untenable when there is no showing that the improvement had been completed.

4. VENDOR AND PURCHASER—*what must be shown to render possession of another a defect in title.* An objection stating that a

seller's title is "subject to the rights, not shown of record, of any one in the actual possession of the property," not stating that any one is in possession thereof claiming any right therein, fails to state any defect in the title.

5. VENDOR AND PURCHASER—*seller not required to furnish more than contract requires.* Where a contract of sale does not provide that the seller shall furnish a survey of the land, the buyer cannot refuse to perform on the ground that a survey should be furnished.

6. TRUSTS—*when purchaser of trust property is not put on inquiry.* That a trustee held certain property in trust for his son, and held other property in trust for the daughter of the creator of both trusts, does not put a purchaser of the property held in trust for the son on inquiry to ascertain whether the trustee had wrongfully used the money or property held in trust for the daughter for the purchase of the property held in trust for his son.

7. VENDOR AND PURCHASER—*what evidence of title need not be furnished by the vendor.* Where a vendor acquired title from a trust beneficiary whose trustee also held property in trust for the trust donor's daughter, such vendor is not required to furnish evidence that the daughter and her heirs had no interest in the land.

Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded with directions. Opinion filed October 7, 1912. Rehearing denied October 21, 1912. *Certiorari* denied by Supreme Court (making opinion final).

THOMPSON, CLARK & ROOT and HENRY ROTH, for appellee; E. F. THOMPSON, of counsel.

THOMAS M. HEADEN, for appellants.

MR. JUSTICE BAKER delivered the opinion of the court.

January 25, 1909, appellee, Doppelt, entered into two contracts in writing with appellant Rusnak, by one of which Doppelt agreed to buy and Rusnak to sell for $11,000 the premises 380 West North Avenue, and by the other Doppelt agreed to buy and Rusnak to sell for $8,000 the premises 694 North Paulina street in the city of Chicago. Each contract contained a provision that the purchase was subject: "to any unpaid special taxes or assessments levied for improvements not yet

completed and to unpaid instalments of special as-
sessments which fall due after ———— for improvements
completed;'' that the buyer should ''assume and pay
taxes for 1908; that the buyer had paid to the seller
$300 as earnest money; that the seller should furnish
an abstract of title, and the buyer should within ten
days after receiving the abstract deliver to the seller a
memorandum in writing, stating in detail the objec-
tions made to the title, if any, and in case material de-
fects be found in said title and so reported, then if
such defects were not cured within sixty days the con-
tracts should, at the purchaser's option, become null
and void and said earnest money returned; that said
contracts and earnest money should be held by appel-
lants Geliebter and Woskow for the mutual benefit of
the parties concerned, and that if the purchaser failed
to perform the contract on his part, the earnest money
should be retained by the vendor as liquidated dam-
ages and the contract become null and void. The con-
tract as to the North Avenue lot provided that the
buyer should assume an incumbrance of $6,000 due in
about four years with interest at five per cent; that for
the Paulina street lot provided that the buyer should
assume an incumbrance of $4,000 due in about four
years with interest at five per cent. January 28th the
checks were presented to the bank for certification by
Geliebter and certified. The same day the payment
of the checks was stopped by Doppelt. February 5th
abstracts were delivered by the seller to the buyer for
examination, which were returned February 11th with
the opinions of the buyer's solicitors. The opinions
stated that in the opinion of said solicitors the title to
said lots was good in Rusnak, subject to certain objec-
tions. No attempt to cure the alleged defects was
made by the seller and the buyer gave notice April
17th that he elected to treat said contracts as void and
demanded the return of said checks. The checks were
not returned, and May 17th Geliebter and Woskow
brought suit on the checks against the bank on which

the checks were drawn. The bill in this case was then filed by Doppelt against the bank, Rusnak, Geliebter and Woskow and a temporary injunction issued restraining Geliebter and Woskow from further prosecuting said suit. After answer the cause was referred to a master, who by his report recommended that a decree be entered in accordance with the prayer of the bill. On the hearing the exceptions to the report were overruled and a decree entered restraining the defendants other than the bank from prosecuting said suit or transferring said checks. No relief was granted against the bank. From said decree the defendants other than the bank prosecute this appeal.

We shall consider only the question whether the written opinions of the buyer's solicitors point out any material defects in said titles. In the opinion as to the title to the premises 380 West North Avenue, the first objection alleged is that the patent from the United States for the property in question, and other property, had not been recorded in Cook County. It was not necessary that said patent should have been so recorded. Lomax v. Lomax, 165 Ill. 431. The second objection is that the lot is subject to a trust deed for $6,000 dated June 2, 1908, and payable in five years with interest at five per cent. The contract provided for the assumption  of this trust deed by the buyer, and as to him it was not a defect in the title.

The third objection is as follows:

"3. Unpaid taxes and special assessments. Assessments (warrant No. 33382) for curbing, grading and paving West North Avenue, confirmed March 29, 1905, amounts on above lot, as reduced by rebate, to $101.07, payable in five annual installments. The first three installments are paid."

Under the terms of the contract the lot was sold subject to (1) "any unpaid special taxes or special assessments for improvements not yet completed," and (2) "to unpaid installments which fall due after——levied for improvements completed." The opinion

does not state that the improvement had been completed and there is no proof that it had been. The failure to insert a date in clause 2 of the provision under consideration renders the words "which fall due after————" meaningless, and the clause is to be construed as though those words were omitted and the clause read, subject "to unpaid installments levied for improvements completed." The opinion in question fails to state an objection to the title to said lot on the ground of unpaid instalment of special assessments which Doppelt was entitled to make under the contract.

The fourth objection only states that the seller's title is "subject to the rights, not shown of record, of any one in the actual possession of the property, and does not state that any one is in possession thereof claiming any right therein, and fails to state any defect in the title.

The fifth objection is that "a survey of the property should be furnished." It is a sufficient answer to this objection that the contract does not provide that the seller should furnish a survey.

What has been said disposes of four of the five objections made to the title to the lot 694 North Paulina street. The first is based on an incumbrance which the contract provided the buyer should assume. The third relates to an assessment for improving Julian street, confirmed in 1898 and payable in five instalments. The contract for the purchase of this lot contains the same provisions as to special assessments as are contained in the contract for the purchase of 380 West North Avenue. The opinion does not state that the improvement had been completed. Objections four and five are the same as objections four and five in the opinion as to the other lot.

Objection two is as follows:

"2. The will of Orville M. Anderson recorded March 26, 1885, gives certain property in Kentucky to his Executor, W. George Anderson, in trust for said Executor's eldest son when the latter shall become of

age. Testator devises all the rest of his property to said Executor in trust for the use of Testator's daughter Mary. By deed dated March 21, 1885, and recorded March 26, 1885, said executor conveys the property in question to his son Thomas Anderson. Evidence should be furnished that Testator's said daughter Mary, or her minor heirs, have no interest in the property in question.''

The fact that W. George Anderson held certain property in trust for his son and held other property in trust for Mary Anderson, the daughter of the creator of both trusts, did not put a purchaser of the property held in trust for the son on inquiry to ascertain whether the trustee had wrongfully used the money or property held by him in trust for Mary Anderson for the purchase of the property held by him in trust for his son. A trustee is presumed to act rightfully, and in the absence of facts putting purchasers on inquiry they are not bound to presume wrongful conduct on his part. Robbins v. Moore, 129 Ill. 30.

Orville M. Anderson of Meade County, Kentucky, by his will made in 1855 devised certain property to W. George Anderson to hold the same from September 18, 1873, in trust for his eldest son, if at that time he had a son living, until such eldest son came of age, at which time the trust should cease and said property belong to such son. Thomas Anderson was the eldest son of W. George Anderson living September 18, 1873. The property in question was conveyed to W. George Anderson November 21, 1871, on the same trusts that the property devised to him in trust for the benefit of his eldest son was devised. A decree of the Circuit Court of Meade County entered at its March term, 1885, recites that Thomas Anderson became of age April 5, 1884, was still living and entitled to said trust estate in fee simple. It orders said trustee and executor to convey said property to Thomas Anderson and the same was so conveyed by deed reciting that it was made pursuant to said decree. It was under this conveyance that Rusnak acquired title. The seller was

not required to furnish evidence that testator's daughter Mary or her heirs had no interest in said property.

We find in this record no fact, either averred or proved, with respect to the title of either of said lots which entitles the complainant to relief in equity. Appellee, without any sufficient excuse, failed to perform either contract on his part, and in that case, by the express terms of the contracts, he was to forfeit the $600 which he paid as liquidated damages.

The decree will be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*