**David Geliebter and Samuel Woskow, trading as Geliebter & Woskow, Defendants in Error, v. First National Bank of Chicago, Plaintiff in Error.**

**Gen. No. 20,497.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

Action by David Geliebter and Samuel Woskow, trading as Geliebter & Woskow against the First National Bank of Chicago upon checks certified by the defendant. From a judgment for plaintiffs, defendant appeals.

Jacob Doppelt entered into two contracts for the purchase of real estate from one Rusnak, each of which contracts recited that the purchaser had deposited with Geliebter & Woskow the sum of three hundred dollars as earnest money, to be held by them for the mutual benefit of the parties concerned, and that if the purchaser should fail to perform his part of the contract, such earnest money should be retained by the vendor as liquidated damages. Doppelt gave the two checks in question to Geliebter & Woskow instead of money, and they presented the checks to the bank. The bank certified them, but refused to pay them because payment had been stopped by Doppelt. Geliebter & Woskow then brought suit against the bank, whereupon Doppelt filed his bill in equity in the Superior Court to enjoin the collection of the checks, making the bank, Rusnak, Geliebter and Woskow parties defendant thereto. A temporary injunction was issued restraining the payees of the checks from further prosecuting their suit, and after answers were filed and a hearing had before a master, a decree was entered in

accordance with the prayer of the bill, from which decree Geliebter & Woskow prosecuted an appeal to the Appellate Court of this district. The Appellate Court reversed and remanded said decree, with directions to dismiss the bill for want of equity. *Doppelt v. Geliebter*, 173 Ill. App. 634. The bill was so dismissed, and thereupon this suit was brought. The Appellate Court held that Doppelt, without any sufficient excuse, failed to perform his part of either of said contracts, and for that reason the earnest money alleged by the contracts to have been deposited with Geliebter & Woskow had become forfeited as liquidated damages.

THOMPSON, CLARK & STEVENSON, for plaintiff in error.

MATHER & HUTSON, for defendants in error; WILLIAM A. SHEEHAN, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 513*—*when question res adjudicata.* The question as to whether the act of one holding as escrow, checks given in the course of the making of contracts for the purchase of real estate as earnest money, in getting them certified, was a fraud upon the ground that the delivery of them was conditional and that there was an understanding between the maker and the escrow holders that they should be held by the escrow holders without being certified or cashed, in lieu of money, is *res judicata* where the Appellate Court had already decided in an action by the maker against the other party to the contract the bank, and the escrow holders to enjoin collection of the checks, that the maker, without sufficient excuse, failed to perform his part of the contract, and for that reason the earnest money deposited with the escrow had been forfeited as liquidated damages.

2. ESCROWS, § 1*—*what is duty of holder as to checks.* It is the duty of an escrow holder to collect the money due upon checks

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

deposited with him as money, and hold the proceeds, instead of the checks.

3. ESCROWS, § 1*—*what unnecessary to prove in action by holder.* It is not necessary that an escrow holder, who is suing a bank upon certified checks deposited with such escrow holder as earnest money, in lieu of the actual cash, in the course of the making of a contract for the sale of real estate, aver and prove a consideration, as a prima facie case is made out by offering the checks in evidence and proving the signatures.

4. ESCROWS, § 12*—*who has burden of proving failure of consideration.* The burden lies upon the defendant, in an action by an escrow holder against a bank upon certified checks, to establish want or failure of consideration by competent evidence.

5. ESCROWS, § 1*—*when evidence shows consideration.* A consideration for the giving of checks deposited with plaintiffs as escrow holders and subsequently certified by defendant bank, *held* established by a contract for the sale of real estate, reciting that the purchaser had deposited with the escrow holder a certain sum as earnest money to be held for the mutual benefit of both parties concerned, and that, if the purchaser should fail to perform his agreement, such earnest money should be retained by the vendor as liquidated damages, in the absence of evidence tending to prove a subsequent failure of consideration.