## Sam Orner, trading as Sam Orner & Company, Appellee, v. J. H. Liner, Appellant.

### Gen. No. 29,820.

1. NEGOTIABLE INSTRUMENTS—*holder of check expected to bank it in reasonable time.* The holder of a check is expected to bank it within a reasonable time.

2. ESCROWS—*holder of check without cause of action against drawer.* Where contract of sale of land was entered into and purchaser gave agent check to be held by him as escrowee for the mutual benefit of vendor, purchaser and agent, and purchaser stopped payment on the check, the agent was not entitled to recover in an action against the purchaser where he was not entitled to any commission until a consummation of the sale, no sale having been consummated.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed October 28, 1925.

MORTON A. MERGENTHEIM and DAVID OLSHAN, for appellant; MORTON A. MERGENTHEIM, of counsel.

MORRIS & MILLS, for appellee; M. A. MILLS, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from a judgment in the municipal court in the sum of $1,000, in favor of the plaintiff and against the defendant.

The statement of claim of the plaintiff alleges that on April 16, 1924, the defendant issued a check on that date, drawn on the Continental and Commercial National Bank of Chicago, payable to the order of the plaintiff, in the sum of $1,000, which was signed by the defendant, J. H. Liner, and indorsed on the back, "S. Orner & Co.—Sam Orner." It further alleges that the check was duly presented by the plain-

tiff to the bank for payment, but that payment was refused on the ground that the defendant had instructed the bank not to pay the check when presented for payment. It further alleges that the check was issued for a valuable consideration, and that the plaintiff was the legal holder thereof.

On June 6, 1924, the defendant filed a second amended affidavit of merits. That apparently supplanted the original affidavit of merits, which was filed May 22, 1924, although the record does not show any order concerning the original affidavit of merits.

The second amended affidavit of merits, the one here in question, admits that the defendant, on April 16, 1924, executed a check, as set forth in plaintiff's statement of claim, but the defendant alleged in that pleading that "it was understood and agreed by and between him and plaintiff that said check was not to be deposited by plaintiff until Abraham Shayne and Sylvia Shayne, his wife, had performed their part of a certain real estate contract," which was attached to the plaintiff's earlier affidavit of merits, "that plaintiff had and has no interest in said check until the consummation of said contract, and that under the terms of said contract whatever moneys he was to receive as earnest moneys were to be held by him as escrowee, for the mutual benefit of said Shaynes and this defendant; that under the law plaintiff is not the party entitled to bring suit upon said check, if any party is so entitled; that the said Shaynes have failed to perform their part of the contract above referred to, and that the check is not a binding obligation upon the defendant until performance or tender of performance of the contract by the Shaynes."

On July 18, 1924, on motion of the plaintiff, the trial judge struck the above-mentioned amended affidavit of merits from the files. The order entered at that time shows that the defendant elected to stand upon his amended affidavit of merits. It also shows that the defendant being in default for want of an affidavit

of merits of defense, on motion of the plaintiff, a default was entered against the defendant for want of an affidavit of merits, and that judgment was entered against the defendant in the sum of $1,000, together with interest.

It is urged for the defendant that the facts alleged in the amended affidavit of merits show that the plaintiff was neither the legal nor the beneficial owner of the check, and, therefore, had no legal right to bring suit; that as it was alleged in the affidavit of merits that it was understood and agreed between the defendant and the plaintiff that the check was not to be deposited by the plaintiff until Shayne and his wife had performed their part of the real estate contract, the plaintiff had no right to institute this suit.

In considering the defense set up in the amended affidavit of merits, the question arises, it being admitted that the plaintiff was entitled to possession of the check, which was given by the defendant, did that possession entitle the plaintiff, immediately after the check was refused payment by the bank at the instigation of the defendant, to begin suit on the check against the maker, the defendant?

In *Geliebter v. First Nat. Bank of Chicago,* 194 Ill. App. 339, this court considered some of the principles applicable in the instant case. In that case a real estate agent sued a bank for the amount of two checks which had been deposited by a purchaser of a piece of real estate with the real estate agent as earnest money. The purchaser filed a bill to enjoin the prosecution of that suit, and obtained a temporary injunction. There was then a trial of the chancery case, and it was held that the purchaser had failed to perform his obligations under the contract, and that, accordingly, the earnest money was forfeited as liquidated damages. *Doppelt v. Geliebter,* 173 Ill. App. 634. On the ground that the decree in the latter case was *res adjudicata,* this court held in considering an appeal from a judgment in the suit at law in the municipal

court for the amount of the two checks which were deposited with the agent as earnest money, that (1) the defendant was not entitled to set up as a defense a conditional delivery of the checks, and (2) that ''as it is the duty of an escrow holder to collect the money due upon a check deposited with him as money, and hold the proceeds instead of the check, it would have been a fraud upon Rusnak (the seller) to carry out any such agreement.''

Here, although we said in the *Geliebter* case—194 Ill. App. 339—that it was the duty of an escrow holder to collect the money due upon a check deposited with him as money, and hold the proceeds instead of the check, it does not follow that the plaintiff in this case, after the defendant had directed the bank to stop payment on the check, had a cause of action against the defendant for the amount of the check.

If an agent held such a check pending protracted negotiations which might occur, and meanwhile the depositary or bank on which the check was drawn failed, it would probably be urged for the drawer that the agent had been guilty of negligence and, so, liable for damages. Of course a check is not currency or money; and without anything further, the holder of the check is expected to bank it within a reasonable time.

In determining, however, the plaintiff's alleged cause of action, it is necessary to consider the relationship of the plaintiff with the defendant Liner, the purchaser of the real estate, and with Shayne, the seller. The contract, which was set up in the affidavit of merits, was between the buyer and the seller, and it provided that if certain things were not done by the seller within sixty days, the contract might, at the purchaser's option, become void, and that the earnest money should be returned. It also provided that if the purchaser failed to perform his part of the contract, the earnest money, at the option of the vendor, should be retained by him as liquidated dam-

ages. It also provided that the earnest money should be held by the agent for the mutual benefit of the parties, and that after the consummation of the sale, it should be applied by him, first, in payment of certain expenses, and second, to the payment to him as the vendor's broker of a commission of $1,000, for his services in procuring the contract. The contract was, therefore, tripartite, and each of the three, the buyer, seller and agent, became interested in the outcome. As far as the agent is concerned, the plaintiff herein, the written contract contained the promise on the part of both buyer and seller that he should have, out of the earnest money, the balance of $1,000, after certain vendor's expenses had been paid, that is, after the consummation of the sale. It would seem, however, that until after the consummation of the sale, the plaintiff had no right of action against the defendant, the purchaser of the property. We assume that it was his duty to present the check for payment at the bank within a reasonable time, as we stated in the *Geliebter* case, as a matter of commercial diligence, and in order that he might not be charged with negligence; and when he presented it for payment, there is no doubt but that he had done his full duty. But, having done that, and the bank having refused payment at the direction of the defendant, it does not follow that a cause of action arose in his favor against the defendant. He gave the defendant no consideration for the check. There merely existed at that time, as to him, the promises on the part of the buyer and seller, as contained in the written contract, that he should receive a certain commission out of the earnest money "after the consummation of the sale." We do not here pass upon the relations between the purchaser and seller growing out of the purchaser's directions to the bank to stop payment of the check, but we are bound to conclude that the facts set up in the amended affidavit of merits disclose a good defense to the plaintiff's claim. It follows, therefore, that

the trial judge erred in striking the amended affidavit of merits.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

THOMSON, P. J., and O'CONNOR, J., concur.