STANISLAUS J. KUROWSKI *et al.*, Individually and on Behalf of the Former Parishioners of St. Adalbert's Roman Catholic Church of East St. Louis, and Their Heirs and Descendants, Plaintiffs-Appellants, *v.* THOMAS GEORGE BURCH *et al.*, Defendants-Appellees.

(No. 71-214;

Fifth District—November 22, 1972.

*Rehearing denied December 19, 1972.*

Robert F. Kaucher, of Meyer & Meyer, and William D. Stiehl, both of Belleville, for appellants.

Walker & Williams, and Kassly, Weihl & Bone, both of Belleville, (Martin W. Imber and Donald E. Weihl, of counsel,) for appellees Thomas George Burch, Tommy Lee Burch, Isidore L. Elfrink, and Rosalia G. Elfrink.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs appeal the dismissal of their second amended complaint which sought an order of the trial court declaring the purchasers of a portion of a tract of land, allegedly limited to use for cemetery purposes, to be trustees under a resulting trust for the benefit of plaintiffs as beneficiaries.

The case is considered here upon the pleadings. The named plaintiffs sue individually and in a representative capacity on behalf of the former parishioners and the heirs and descendants of former parishioners of St. Adalbert's Roman Catholic Church of East St. Louis, Illinois. Defendant Rev. Raymond S. Malec is the pastor and a trustee and defendants Mitchell Pitra and Anthony Schmitt are trustees of St. Adalbert's Roman Catholic Church of East St. Louis, Illinois, a religious corporation, and defendant Most Reverend Albert R. Zuroweste is the Bishop of the Diocese of Belleville. Defendants Thomas George Burch, Tommy Lee Burch, Isidore L. Elfrink and Rosalia G. Elfrink are grantees of a deed from the religious corporation which conveyed the land in question.

In pertinent part the plaintiffs' second amended complaint alleges the following: Plaintiffs are the owners of grave lots in St. Adalbert's Cemetery, or are successors in interest or are former parishioners or descendants or heirs of former parishioners of St. Adalbert's Roman Catholic Church, a religious corporation. Plaintiffs and their ancestors and the ancestors of those in the class whom they represent on and prior to July 7, 1914 contributed and acquired funds for the purchase of land for cemetery purposes for those in the class, with the intention of establishing a cemetery for the use of the parishioners of the said church to exist forever. The funds collected were used by the plaintiffs to purchase a (described) parcel of land in St. Clair County consisting of approximately 55 acres, title thereof being taken in the name of the then Bishop of the Roman Catholic Diocese of Belleville, the Right Reverend Henry Althoff, said land being acquired by said Bishop in trust for the purpose aforesaid. After the purchase the land was in fact used for a cemetery for the interment of those in the class who purchased lots and has since that time been used for no other purpose. On January 23, 1920 legal title to the real estate was transferred by Bishop Althoff to St. Adalbert's Cemetery, St. Adalbert's Roman Catholic Church of East St. Louis,

Illinois, a religious corporation. On or about June 26, 1969 the defendants Rev. Raymond Malec, Mitchell Pitra, Anthony Schmitt and Most Reverend Albert R. Zuroweste executed a deed to the same said real estate to defendants Thomas George Burch, Tommy Lee Burch, Isidore L. Elfrink and Rosalia G. Elfrink. At no time up to the date of June 26, 1969 was the real estate used for any purpose other than for cemetery purposes as originally intended by the purchasers as aforesaid. The June 26, 1969 deed was executed by the grantors as trustees and it appears on the face thereof that trust property was being conveyed by reason of the designation of grantors as trustees, further, a physical inspection of the property reveals that the purpose for which the land was being used was as a cemetery. Plaintiffs have not in any way consented to the transfer of the property to the Burches and Elfrinks or to any other uses other than for cemetery purposes. The defendants knew or should have known of the intent and purpose of the original conveyance to Bishop Althoff and subsequently to St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church of East St. Louis, Illinois as being property held in trust for cemetery purposes for parishioners and their heirs and descendants of the St. Adalbert's Roman Catholic Church of East St. Louis. The uses and purposes for which the land was acquired by defendants Burches and Elfrinks were not for cemetery purposes but for commercial purposes and development.

Copies of the original deed to Bishop Althoff, and of the deed from him to St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church, and of the deed to the defendants Burches and Elfrinks are attached to and incorporated in the second amended complaint. The prayer is for the court to declare that a trust exists on the real estate and to impress the same upon the real estate, and that defendants be ordered to hold the real estate in trust for the purposes originally intended by the original purchasers and that the plaintiffs and those of the class they represent be found to be the beneficiaries of the trust. Further, for the court to determine that a wrongful conveyance of trust property has taken place by the deed of conveyance to defendants Burches and Elfrinks and that only defendants Burches and Elfrinks and those holding under them be found to be trustees of the property for holding the same for the benefit of plaintiffs and their descendants and heirs.

It is to be noted that the deed to defendants Burches and Elfrinks conveys a portion only of the real estate described in the second amended complaint and it is conceded by plaintiffs in their brief that only a portion of the 55 acre tract was in fact conveyed to defendants Burches and Elfrinks and that no grave sites were in fact located on the portion so conveyed. We shall therefore consider that the second amended complaint alleges that only a portion of the 55 acre tract was conveyed since

the exhibit attached to the complaint controls, and the motion to dismiss does not admit allegations in conflict with facts disclosed by the exhibit. (*Sangamon County Fair and Agr. Assn. v. Stanard,* 9 Ill.2d 267, 137 N.E.2d 487.) It is also significant to note that no relief is prayed against the defendants Rev. Raymond Malec, Mitchell Pitra, Anthony Schmitt and Most Rev. Albert R. Zuroweste. The exhibits also disclose that the January 23, 1920 deed conveyed the title of the land to "St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church of East St. Louis, St. Clair County, Illinois" as grantee, but the grantor of the deed to defendants Burches and Elfrinks is "St. Adalbert's Roman Catholic Church, a religious corporation, as the owner and operator of St. Adalbert's Cemetery." There are no mesne conveyances shown or alluded to that would show investiture of the title in the latter grantor. Although the relationship or affiliation of the two entities is doubtless very close, they are not precisely the same. However, since the parties have chosen to disregard the apparent discrepancy we will presume it to be of no consequence in the case and likewise disregard it.

■■ Defendants Burches and Elfrinks filed their motion to dismiss second amended complaint and additional motion to dismiss second amended complaint. Several grounds for dismissal are set forth in the motions but we deem it necessary to consider only the one which relates to the sufficiency of the complaint to charge the defendants Burches and Elfrinks as trustees under a resulting trust for the benefit of the plaintiffs, their heirs and descendants. The sole issue presented by the motion to dismiss is whether the second amended complaint is sufficient to state a cause of action. The motion admits all well pleaded facts and the complaint should not be dismissed unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Country Mutual Insurance Co. v. Drendel,* 116 Ill.App.2d 466, 252 N.E.2d 757.) Upon our consideration of the second amended complaint we have concluded that it fails to state a cause of action and that the trial court was correct in granting defendants' motion to dismiss.

■■■ In the posture in which we consider this case it must be assumed that the tract of land conveyed to the Burches and Elfrinks by the June 26, 1969 deed was trust property, as plaintiffs allege. Further, that the Burches and Elfrinks knew they were dealing with trustees and that the trustees were conveying property held in trust, and that the tract being conveyed to them was carved from a larger tract which was being used, at least in part, for cemetery purposes and that such use was the purpose for which the property was held in trust. With these assumptions the plaintiffs contend that their second amended complaint states a cause of action. They place reliance upon the well established rule that a purchaser taking title from a trustee with notice of the trustee's breach of

trust becomes himself a trustee for the benefit of the original trustee's beneficiaries. (*Harris v. Ingleside Bldg. Corp.*, 370 Ill. 617, 19 N.E.2d 585; *Brooks v. Gretz*, 313 Ill. 290, 145 N.E. 96; *Butts & Co. v. Butts' Estate*, 119 Ill.App.2d 242, 255 N.E.2d 622.) However, this rule of law is not determinative of the issue in this case for, although it be assumed that the purchasers knew they were dealing with trustees and receiving a conveyance of trust property, there is absent from the second amended complaint any allegation that the purchasers knew or should have known that they were dealing with trustees who were committing a breach of trust in making the conveyance of the property in question. In order to declare the purchasers trustees and impress a trust upon the property it must appear that they either knew or should have known that the trustees with whom they were dealing were committing a breach of trust in conveying the property to them. (*Union Mutual Life Insurance Co. v. Spaids* (1881), 99 Ill. 249; *Fifth Nat. Bank v. Village of Hyde Park* (1881), 101 Ill. 595; Scott on Trusts, sec. 288; Restatement of the Law, Trusts, sec. 288.) The purchasers would have notice that a breach of trust was taking place if they had actual knowledge of the breach or if they possessed knowledge of facts that would lead a reasonably intelligent and diligent person to make further inquiry as to whether the trustees were committing a breach of trust. Restatement of the Law, Trusts, sec. 296; Scott on Trusts, sec. 296.

■■ To begin with, a trustee is presumed to act rightfully, and in the absence of facts putting purchasers on inquiry they are not bound to presume wrongful conduct on his part. (*Doppelt v. Geliebter*, 173 Ill.App. 634.) Are there, then, such facts present in the allegations of the second amended complaint and the exhibits attached thereto to place upon the defendants-purchasers a duty to make further inquiry regarding the authority of the trustees to make the conveyance? We are asked by plaintiffs to supply an affirmative answer to the question despite the fact that their second amended complaint is completely devoid of any allegation that the trustees-grantors had committed a breach of trust in executing the June 26, 1969 deed. Rather than notice that a breach of trust was taking place, we think that the indicia of authority presented to the purchasers strongly indicated that the trustees with whom they were dealing were acting entirely within the scope of their authority as trustees and were possessed of full power to convey the trust property free of the trust. There was nothing of record in the chain of title to indicate any restrictions upon the use of the conveyed property or the power of trustees to sell or convey the property. The January 23, 1920 deed from Bishop Althoff was made to St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church. The use of the word "cemetery" in this conveyance appears only as a part of the name of the grantee and in nowise

constitutes a restriction upon the use to be made of the property. Any property of any kind or nature being conveyed to the same grantee for any type of investment purpose and entirely disassociated from use for cemetery purposes would still have the same name as grantee. And it seems reasonably clear that anyone dealing with the pastor of a church and the bishop of that church's diocese would be justified in assuming that although the pastor and bishop are acting as trustees and conveying trust property they are not committing a breach of trust in making such conveyance. Indeed, the trustees-grantors are not only clothed with apparent authority to execute the deed in question, such authority stems from statutory enactment. The Religious Corporations Act (Ill. Rev. Stat., ch. 32, sec. 164, *et seq.*), specifically authorizes each religious body, sect, denomination, ecclesiastical district, or organization to take, hold, regulate, control, and *dispose* of real property in accordance with the rules and usages of the organization involved. A reading of that statute makes it clear that the defendants-purchasers were justified in assuming that they were dealing with the proper corporate authorities who were possessed of properly constituted authority and power to execute the conveyance in question.

■■ Since plaintiffs' second amended complaint does not allege that the defendants-purchasers knew or should have known that the trustees with whom they were dealing were committing a breach of trust in executing the conveyance in question, and since there is no allegation that the trustees-grantors breached their trust and no relief is prayed as to them, it fails to state a cause of action against them. The only reasonable conclusion is that the defendants Burches and Elfrinks were *bona fide* purchasers for value and they accordingly take title to the concerned property free of the trust. *Petta v. Host,* 1 Ill.2d 293, 115 N.E.2d 881; *Harris v. Ingleside Bldg. Corp., supra.*

■■ We would further note that the plaintiffs have not placed themselves in a position to ask equitable relief since there is wholly absent from their complaint any offer on their part to do equity to the defendants, the Burches and Elfrinks. The liability of the defendants-purchasers to stand as substitute trustees or to reconvey must be conditioned upon reimbursement to them of the amount paid for the property and the amount of beneficial expenditures by them upon the property, if any. (Restatement of the Law, Trusts, sec. 291(3); Scott on Trusts, sec's. 291(5), 291(6).) There is no such offer contained in plaintiffs' second amended complaint.

For the foregoing reasons the judgment of the trial court in dismissing plaintiffs' second amended complaint will be affirmed.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.