(No. 45624.—▬▬▬▬▬▬)

STANISLAUS KUROWSKI *et al.*, Appellants, v. THOMAS GEORGE BURCH *et al.*, Appellees.

*Opinion filed March 29, 1974.*

▬▬▬▬▬▬▬▬▬▬▬▬

Robert F. Kaucher, Meyer & Meyer, and William D. Stiehl, all of Belleville, for appellants.

Cassly, Weihl and Bone, Edward Francis O'Malley, and Walker and Williams, all of Belleville, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs commenced this action in the circuit court of St. Clair County as individuals and as representatives of a class comprised of "former parishioners and the heirs and descendants of the former parishioners of St. Adalbert's Roman Catholic Church of East St. Louis, Illinois and all who have succeeded to their interest." They sought to impose a resulting trust for the benefit of this class on certain real property purchased by defendants, Thomas Burch, Tommy Lee Burch, Isidore Elfrink and Rosalia Elfrink (hereinafter purchasers) from the Most Reverend

Albert E. Zuroweste, the Bishop of Belleville, Reverend Raymond S. Malec, the pastor of St. Adalbert's parish, and Mitchell Pitra and Anthony Schmitt, parish trustees (hereinafter grantors). Plaintiffs' second amended complaint was dismissed for failure to state a cause of action and the appellate court affirmed. (*Kurowski v. Burch* (1972), 8 Ill. App. 3d 716.) We granted leave to appeal. The sole issue before us is the sufficiency of the complaint.

It alleged that plaintiffs were either owners of grave lots in St. Adalbert's Cemetery, successors in interest, former parishioners, descendants, or heirs of former parishioners of St. Adalbert's Church; that plaintiffs and their ancestors and the ancestors of the class they represent provided funds to be used to purchase land for a parish cemetery; that in 1914 land comprising some 55 acres was purchased for this purpose and title was taken by the Right Reverend Henry Althoff, who was at that time Bishop of the Diocese of Belleville; that this land has been continuously used as a cemetery by members of plaintiffs' class; that in 1920 title to the property was transferred to St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church, a religious corporation; that on June 26, 1969, the land was conveyed by the grantors to the purchasers for commercial development; that the deed evidencing the transfer to the purchasers demonstrated that the property was conveyed by the grantors in their capacity as trustees; that a physical inspection of the property revealed that it was used as a cemetery; that the defendants knew or should have known that the intent and purpose of the original conveyance to Bishop Althoff and subsequently to St. Adalbert's Cemetery was to have the property held in trust for cemetery purposes; and that plaintiffs did not acquiesce in the sale to the purchasers. There was no attempt by plaintiffs to impose liability upon the grantors for any possible misconduct on their part in the aforesaid transaction, nor did the complaint allege that the grantors

acted improperly. The record contains the deeds evidencing the three aforementioned transactions.

The appellate court noted that the disputed conveyance transferred only a portion of the described real estate and that the plaintiffs' brief conceded this and further established that the property at issue contained no grave sites. Plaintiffs have not challenged this observation and have asserted during oral argument of this cause that approximately 13 acres of the 55-acre tract had been used for interment.

In the posture in which the appellate court considered the case, it assumed that the tract of land conveyed to the purchasers was trust property; that the purchasers knew the grantors were trustees of this property; that the property transferred was a portion of a larger tract of land which was being used, at least in part, for cemetery purposes; and, that such use was in accord with trust purposes. It reasoned that while the purchasers knew they were buying trust property, there were no contentions that the conveyance was in breach of trust and that the purchasers knew or should have known of the breach. Therefore the appellate court held that the complaint failed to state a cause of action. It further concluded that a *bona fide* purchase was made, thereby permitting the purchasers to receive unencumbered title to the property. 8 Ill. App. 3d 716, 721.

The purchasers of property are presumed to give valuable consideration (*Warford v. McQueen* (1940), 375 Ill. 372, 377), and plaintiffs do not allege that in this case a substantial purchase price was not paid. Plaintiffs, however, contend that Illinois law provides that anyone receiving trust property with mere notice of the existence of a trust takes subject to the trust provisions, and that plaintiffs, as trust beneficiaries, may impose a resulting trust upon the property held by the purchasers who were alleged to have had notice that a trust existed. In support

of their position plaintiffs principally rely upon *Evans v. Moore* (1910), 247 Ill. 60, and *School Trustees v. Kirwin* (1860), 25 Ill. 73.

Both decisions are factually inapposite to the present case. In *Evans* the settlor, who was ill, transferred property by will to Moore, who knew it was to be held in trust for a relative of the settlor. Moore had initiated procurement of the will and the property was bequeathed to him in fee either through fraud or mistake. Moore died and his will devised the property to his heirs. The beneficiary of the trust commenced an action against the executor of Moore's estate. Similarly, in *Kirwin,* a school trustee deposited school funds in a bank in his own name although the bank owner knew the source of the money and the reason for its deposit. Thereafter both the trustee and bank owner died and the other school trustees sued for return of these school funds.

While general language contained in these decisions lends superficial support to plaintiffs' contention, we find that the better stated rule provides that a transferee who gives value, without either actual or constructive notice that the conveyance is in breach of trust, takes the property free of trust encumbrances. See *Piff v. Berresheim* (1950), 405 Ill. 617, 627; Restatement (Second) of Trusts (1959), secs. 284, 288, 296; see generally 54 Am. Jur., Trusts, secs. 266-67 (1945).

We hold that it was incumbent upon plaintiffs to allege that the sale by the grantors was in breach of trust and that the purchasers had the requisite notice of the breach. There are no specific allegations in this regard and it cannot be inferred from the complaint that the purchasers knew or should have known that the transfer was adverse to plaintiffs' property interest or that the conveyance may have been in conflict with the purported trust. The present complaint merely avers that the purchasers knew or should have known that the land had been

purchased in 1914 by Bishop Althoff and was thereafter held "in trust for cemetery purposes." This contention is refuted by the deeds evidencing these transactions. They simply indicate that the land was conveyed to Bishop Althoff "for the Polish Catholic Parish of St. Adalbert" and six years thereafter was conveyed "to the St. Adalbert's Cemetery of St. Adalbert's Roman Catholic Church" by quitclaim deed. The term "trust" or language restricting the use of the property solely for cemetery purposes does not appear on the face of the aforesaid instruments. And it cannot be said that these deeds would place defendants on notice that the sale was in breach of trust.

The warranty deed executed in the present conveyance was signed by the parish pastor, the diocesan bishop, and the parish trustees, Schmitt and Pitra. The designation of Schmitt and Pitra as "trustees" is not controlling. As alleged in the complaint, the parish was a religious corporation. Section 35 of the "Act concerning corporations" requires that a religious group seeking to incorporate must have "two or more of its members as trustees, wardens and vestrymen, (or such other officers whose powers and duties are similar to those of trustees ***)." (Ill. Rev. Stat. 1969, ch. 32, par. 164.) Section 43 of that act (par. 172) provides that the trustees may, "when directed by the congregation, church or society, *** sell and convey any real or personal estate of such corporation." Thus the mere notation of the term "trustee" on the warranty deed is not, under these circumstances, sufficient to place the purchasers on notice that the conveyance may be in breach of trust.

Plaintiffs did not allege that the transfer was contrary to the statute or any diocesan regulation and there is no averment that the present congregation of St. Adalbert's parish had opposed the conveyance. Furthermore, examination of the property would demonstrate that only about

one quarter of the land was presently used as a cemetery, and the fact that a section not used for cemetery purposes was being purchased would not be sufficient notice that its conveyance was contrary to the alleged trust intent.

The record contains no matter from which it might be established that the conveyance at issue was improper or any facts which would require the purchasers to question the propriety of the transaction. The judgment of the appellate court is affirmed.

*Judgment affirmed.*