(No. 25319.—
THE PEOPLE *ex rel.* Arthur L. Hellyer, County Collector, Appellee, *vs.* H. LAWRENCE HENDRICKSON, Appellant.

*Opinion filed February 13, 1940.*

BUNGE & BUNGE, (GEORGE H. BUNGE, of counsel,) for appellant.

RUSSELL W. KEENEY, (WILLIAM E. HOOPER, JOEL BAKER, and U. S. YOUNG, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The collector of DuPage county applied to the county court for judgment and order of sale for delinquent 1937

taxes levied against land belonging to the appellant, situated in Downers Grove. He filed objections and at the hearing it was stipulated that he owned the real estate; that the amount of tax was $3861, predicated on a debased valuation of $54,000 made up of $4000 for land and $50,000 for improvements; that seventy-five per cent of the tax was paid under protest; that a complaint was filed with the board of review, and after a hearing the board refused to reduce the valuation; that the valuation on which taxes were extended was one third of the fair cash market value as determined by the assessor and the board of review, $162,000 ($150,000 for improvements, $12,000 for land); that the objector waived his objection as to the value of the land fixed by the assessor and board of review; that the land was improved with a three-story brick building containing a theatre, thirty-nine hotel rooms, six small stores, and one five-room apartment, all containing 971,000 cubic feet; that the reproduction cost would be about $360,000; that the average annual net income of the property for the three years 1935, 1936 and 1937, was $6183.68; that the average annual gross income for the same years was $14,366.66; that the basement was designed for bowling alleys and billiard tables, but no tenants had been obtained, and the ordinances of Downers Grove prohibited billiard and pool halls.

Three witnesses testified for the objector. R. J. Anderson, the secretary of a real estate firm, and a licensed real estate broker, said that, in computing value, the age of the building, number of years it may be expected to produce revenue, the net and gross income, condition of the property, and possibility for increase in value due to location, all must be considered. He said the property was not located exactly in the business district, and he valued the property at $92,000, including the land. He reached this result by taking the net income and figuring a coefficient of seven per cent on a 25-year expectancy basis. On cross-

examination, the witness admitted he did not consider the reproduction cost, and that he based his opinion as to value entirely on income.

Charles J. Dunham, a real estate broker of Downers Grove, valued the property at $68,000. On cross-examination, he admitted that he considered only the income in arriving at the fair cash market value.

Paul Richert, another witness for the objector, valued the property at $113,550. This figure was computed by capitalizing the net income at six per cent, which produced about $99,250, to which was added the land value. He stated he used income as the basis for computation, and did not consider reproduction costs.

At the conclusion of the objector's evidence appellee's motion to overrule the objections was allowed. This appeal followed.

This court has established definite rules in cases of this class, and the question is only one of applying those rules to the particular facts. The fact that there may be a difference of opinion as to the value of the property between the assessing authorities and the court does not warrant judicial intervention. (*People* v. *St. Louis Bridge Co.* 357 Ill. 245.) Every property owner should pay a tax based on the value of his property, so that the cost of government may be borne ratably and proportionately. Any different system fails to meet the uniformity requirements of the constitution. (*People* v. *Wiggins Ferry Co.* 357 Ill. 173.) Courts will act to protect an individual against whom an assessment is made by taxing officials unfairly, willfully, and with utter disregard of the taxpayer's rights. (*Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602.) In the instant case, no such deliberate unfairness appears. But if property be excessively over-valued, whether intentionally or unintentionally, through lack of knowledge of true value, then a fraud in law has been committed, and judicial intervention is warranted. (*People* v. *Stewart,* 315 Ill. 25.) The question in

the case before us is whether there has been such excessive over-valuation. The finding of the assessor, which was upheld by the board of review makes a *prima facie* case for the county collector. To overcome this we have the testimony already discussed. It is clear that all of the objector's witnesses, although they stated all the factors that should be considered in estimating value, nevertheless admitted that they based their opinion solely on the income from the property, each witness merely using a different method of computation. Not one of appellant's witnesses considered the reproduction cost of the improvements, or their historical cost. We have held these to be important factors in fixing values for taxation purposes. (*People* v. *Grand Trunk Western Railroad Co.* 357 Ill. 493.) Opinion evidence based only on one factor, which ignores the others, is not sufficient to establish gross over-valuation.

The appellant failed to prove the allegations in his objections to the tax, and the county court of DuPage county properly overruled those objections.

The judgment is affirmed.

*Judgment affirmed.*