SAMUEL A. ISRAEL, Respondent, *v.* WOOD DOLSON COMPANY, INC., Defendant, and ALEXANDER GROSS, Appellant.

First Department, May 10, 1955.

*Sidney Roffman* for appellant.

*George J. Rudnick* for respondent.

CALLAHAN, J. We are required to determine whether under the rule of *res judicata* a prior judgment estops plaintiff from establishing against defendant Gross a fact necessary to the maintenance of this action, viz., the breach of a certain contract by codefendant Wood Dolson Company, Inc.

The action, as it now stands, is one against defendant Gross for inducing defendant Wood Dolson Company, Inc., to breach its contract to pay plaintiff a share of the brokerage commissions on the sale of a parcel of real estate.

The plaintiff instituted this action against both Wood Dolson and Gross, alleging a first cause of action against Wood Dolson for breach of contract and a second cause of action against Gross for the unlawful inducement of said breach. The two causes of action were later severed, and plaintiff tried the case against Wood Dolson alone. The result of this trial was a holding that Wood Dolson had not breached the contract because, in fact, plaintiff had not procured the purchaser of the real property. Accordingly, the complaint against Wood Dolson was dismissed. Plaintiff did not appeal.

Gross thereupon amended his answer to plead the judgment in Wood Dolson's favor as an estoppel, and moved for summary judgment dismissing the complaint against himself on the basis of that judgment. Special Term denied the motion, holding that the judgment bound only the parties involved on the trial of the prior action and their privies, and that no estoppel existed as to Gross because privity and mutuality of estoppel were lacking. We are of a different view because we believe that this case presents an exception to the general rule.

Where certain relationships exist between the party claiming estoppel and the successful party in the prior litigation, the courts recognize exceptions to the rule requiring mutuality of estoppel. Those relationships, generally speaking, are principal and agent, master and servant, and indemnitor and indemnitee (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 18). But further exceptions have been recognized at times in cases where liability is altogether dependent upon the culpability of another (*Portland Gold Mining Co.* v. *Stratton's Independence,* 158 F. 63), and also in other instances where liability is not entirely derivative and the precise relationships aforesaid do not exist. In these cases the grounds for upholding the estoppel are said to be difficult to classify (*Liberty Mut. Ins. Co.* v. *Colon & Co.,* 260 N. Y. 305, 310).

The basic reason for the rule of *res judicata* is that in the interest of the orderly administration of justice issues once fully tried should be deemed conclusively determined as to all future litigation where, at least, no injustice would result from the application of the rule. Under the present circumstances, where plaintiff had a full and untrammeled opportunity to establish the breach of contract by Wood Dolson and failed to succeed in a suit entirely controlled by him, it would seem that he should not be entitled to a second chance to prove the breach in an action against one charged with inducing the same.

The Restatement of the Law of Judgments recognizes the present situation as a typical instance where an estoppel should arise. Thus:

" § 99. WHERE LIABILITY OF A PERSON IS BASED SOLELY UPON THE ACT OF ANOTHER.

" A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity.

" *Comment:*

" a. The rule stated in this Section, like the rules stated in §§ 96 and 97, involves a situation in which a judgment for the defendant has the effect of barring a claim against a third person although a judgment for the plaintiff would not have prevented a defense by the third person in an action against him for the tort or breach of contract charged in the first action. In the situations within the rule stated in this Section, the person against whom the rule works adversely has had his day in court and it is not unfair that if he is unsuccessful in his action against the alleged tortfeasor or contract breaker, he should be deprived of an action against another, even though the other would have no right of indemnity against the defendant in the first action were judgment rendered against him. In most situations, however, the rules stated in §§ 96 and 97 will come into operation since usually the person whose conduct constitutes a tort of breach of contract would have a duty of indemnifying another who was responsible for the wrongful conduct.

" ILLUSTRATIONS:

" 1. A, without privilege, induces B to break a contract with C. In an action for breach of contract by C against B the court finds that B committed no breach of contract, not because of any personal privilege but because the terms of the contract did not provide against the conduct charged to be a breach of contract. In a subsequent action by C against A the prior judgment is a complete defense."

The Restatement, in effect, adds a further exception to the rule of mutuality in upholding a prior judgment in favor of a person charged with the commission of a tort or breach of

contract as a bar to a subsequent action by the same plaintiff against another defendant whose liability is based upon inducing the identical tort or breach of contract.

Turning to the decisional law of this State, we find that, insofar as applicable, the precedents seem to be in accord with this rule of the Restatement (*Eissing Chem. Corp.* v. *People's Nat. Bank of Brooklyn*, 205 App. Div. 89, affd. 237 N. Y. 532; *Cohen* v. *Dana,* 83 N. Y. S. 2d 414, affd. 275 App. Div. 723, affd. 300 N. Y. 608).

The rule is also discussed in *Behrens* v. *Skelly* (76 F. Supp. 75, 80) with citation of New York cases, and the rationale of its application further explained in an article on " Developments in the Law — Res Judicata " (65 Harv. L. Rev. 818, 862).

It would seem that the exceptions to the rule of mutuality should be as broad as the requirements of justice and practical necessity. Thus, in Freeman on Judgments (5th ed., Vol. I, § 429, pp. 935–936) it is said: " The rule of mutuality is itself based upon policy and practical necessity and justice, as is the whole doctrine of res judicata, and on the same grounds of policy and justice there would seem to be no objection to departing from it where the party affected has been given one adequate opportunity to be heard either personally or by representation."

The courts have refused to abandon entirely the rule requiring mutuality of estoppel (*Elder* v. *New York & Penn. Motor Express,* 284 N. Y. 350), because it is sometimes necessary to apply it in order to prevent injustice. But in the present circumstances plaintiff has no basis whatever to claim prejudice if the lack of mutuality is found immaterial. Indeed, it would be entirely incongruous to allow this plaintiff a second chance to prove a breach of contract which he failed to establish after full opportunity on the trial of his action against Wood Dolson. We think that the prior judgment in favor of Wood Dolson operates as an estoppel against plaintiff in his action against the defendant Gross, and that the motion for summary judgment should have been granted.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion of defendant-appellant for summary judgment should be granted.

COHN, J. P., BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and judgment is directed to be entered in favor of the defendant, Alexander Gross, dismissing the complaint herein, with costs.