(No. 34544.—

THE PEOPLE *ex rel.* Herbert C. Paschen, County Collector, Appellee, *vs.* HENDRICKSON PONTIAC, INC., Appellant.

*Opinion filed Nov. 20, 1957—Rehearing denied Jan. 20, 1958.*

478

ADELBERT BROWN, of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (L. LOUIS KARTON, and ALEXANDER O. WALTER, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Appellant, Hendrickson Pontiac, Inc., filed objections in the county court of Cook County to the application of the county collector for judgment of sale for 1953 real-estate taxes paid under protest. This appeal is prosecuted from a judgment overruling such objections and denying a refund to appellant.

It appears from the stipulation of facts submitted by the parties that appellant, an Illinois corporation engaged in the business of selling and servicing automobiles, is the lessee of two lots that are a part of the school-fund property of section 16 lands from the board of education of the

city of Chicago. Under the terms of a 49-year lease, effective January 1, 1947, appellant, at a cost of not less than $100,000, improved the then vacant lots with a one-story automobile show room and a series of one-story structures equipped with grease and wash pits for the repair and maintenance of automobiles. The lease provided, among other things, that lessee was to pay all taxes and assessments of every kind and nature, that the land demised was school-fund property exempt from general taxation and special assessment, that lessee had the privilege of contesting the payment of taxes imposed upon the land or improvements, and that upon termination, forfeiture, or lapse, the premises, together with all improvements, would revert to and become the property of the lessor.

The reasonably new improvements were assessed against the appellant in the sum of $88,020, representing reproduction cost less the depreciation factor. Appellant complained to the board of appeals which, without prejudice to the determination of the legal issues involved, reduced the assessment from $88,020 to $78,240 before equalization. It is this assessed valuation to which appellant objects.

In a prior case between these same parties involving taxes for 1949 (*People ex rel. Paschen* v. *Hendrickson-Pontiac, Inc.* 9 Ill.2d 250,) we held that the assessment and taxation against the lessee of the improvements placed on the property by the lessee were proper even though the fee estate in the land is exempt from taxation as section 16 school-fund property. The power to assess and tax improvements upon exempt school-fund property having been established as a matter of law, the only issue for consideration is whether the assessment valuation was the result of the assessor's honest judgment and correct assessment procedures.

If the valuation has been made fraudulently (*Kinderman* v. *Harding*, 345 Ill. 237; *People's Gas Light and Coke Co.*

v. *Stuckart,* 286 Ill. 164,) or overvalued so excessively that under the circumstances it amounts to constructive fraud (*People ex rel. Rhodes* v. *Turk,* 391 Ill. 424; *Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602), the courts will intervene to protect the taxpayer. However, it is fundamental that the objector has the burden of proving his right to judicial relief by clear and convincing evidence. *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66; *People ex rel. Johnson* v. *Robison,* 406 Ill. 280; *People ex rel. Tedrick* v. *Allied Oil Corp.* 388 Ill. 219.

Appellant, by its amendment to objections, alleges that the assessment is illegally excessive and, therefore, constructively fraudulent. It contends that its leasehold interest is assessed at a value substantially higher than the value established for other leasehold interests generally and at a substantially higher value than other leasehold interests in school lands and does not comport with established standards for assessing the leasehold interest in improved real estate.

To support these allegations appellant produced one witness, an expert real-estate appraiser, who testified he had examined and was familiar with the school-land-property records and the assessment tax records. From his examination of these records he prepared a schedule. This schedule offered in evidence as exhibit A contained 39 Chicago school-fund properties leased for income as of April 1, 1953, and set forth the location, description of improvements, types and expiration date of the leases, and the 1953 rental figures for each of the described properties. The trial court refused to admit this exhibit into evidence because it did not contain pertinent information concerning other leases, it concerned property under different arrangements than the property in question, it compared similar as well as dissimilar properties and as a whole failed to present the entire situation properly to the court. The court refused to admit in evidence appellant's exhibit B, a sum-

mary taken from exhibit A listing nine school-fund properties under the same type of lease as the lease on the property in question, and appellant's exhibit C, a summary of rental and appraisal values reflecting the fiscal history of one particular school-fund property situated near appellant's property, for the same reasons given for the refusal of exhibit A and for the further reason that they were not official records.

Appellant contends these three exhibits should have been admitted in evidence under the rule set out in *People ex rel. Miller* v. *Chicago, Burlington and Quincy Railroad Co.* 300 Ill. 399, and cases cited therein, that where the originals consist of numerous documents, books, papers or records which cannot conveniently be examined in court, and the fact to be proved is the result of an examination of the whole collection, evidence may be given as to such result by any competent person who has examined the documents, provided the result is capable of being ascertained by calculation. The rule is correct but it does not apply to the situation here presented. Exhibit A was offered for the purpose of making a comparative study, presumably to further support appellant's allegations of constructive fraud. The 39 locations listed in the proffered exhibit A describe property ranging from four 18-story city buildings to three farm tracts. Without additional pertinent and explanatory evidence no justifiable comparison could be drawn between the listed properties and the property in question. Appellant has the burden of establishing that the lands selected for comparison are similar in kind and character and in other matters which decide the value. (*People ex rel. Johnson* v. *Robison,* 406 Ill. 280.) This rule is equally applicable to appellant's exhibits B and C. We hold that the trial court did not err in refusing to admit the proffered exhibits in evidence. Without this proof appellant failed to prove its allegations of constructive fraud.

Furthermore, were the exhibits admissible, we cannot agree that they furnish the clear and convincing evidence necessary to prove appellant's allegation. This court will not intervene to modify an assessment where there is insufficient evidence to establish fraud, actual or constructive, or illegal conduct on the part of the duly authorized assessor. *People ex rel. Paschen* v. *Morrison Hotel Corp.* 9 Ill.2d 187; *People ex rel. Johnson* v. *Robison,* 406 Ill. 280; *People ex rel. Toman* v. *Olympia Fields Country Club,* 374 Ill. 101.

Appellant has inserted arithmetical computations in the record to illustrate that by its method of computation its interest in the leased improvements would be less than the valuation of the assessor, as adjusted by the board of appeals. However, appellant has produced no evidence to support this arithmetical illustration. Nor was evidence produced to support his allegations that the assessment "was arbitrarily made in disregard of recognized elements of value," or that it is other than an exercise of the honest judgment of the assessor. In addition, the appellant cannot escape the fact that the stipulation shows the assessment very nearly approaches the full, fair cash valuation required by statute. (Ill. Rev. Stat. 1955, chap. 120, par. 501.) This court will not set aside the assessment merely because of a difference of opinion as to valuation. *People ex rel. Tedrick* v. *Allied Oil Corp.* 388 Ill. 219; *People ex rel. Hellyer* v. *Hendrickson,* 373 Ill. 99.

The objector having failed to establish the invalidity of the assessment, the judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*