JULIUS LOPIN *et al.*, Plaintiffs-Appellants, *v.* P. J. CULLERTON, Cook County Assessor, *et al.*, Defendants-Appellees.
First District (4th Division)    No. 60096

Opinion filed February 3, 1977.—Rehearing denied March 23, 1977.

McCracken & Walsh, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal arises from the plaintiffs' filing of a complaint in the Circuit Court of Cook County, wherein the plaintiffs seek to enjoin the collection of fraudulently excessive property taxes on a certain piece of property located in the City of Chicago. The defendants filed a motion to dismiss, which was sustained. From such order the plaintiffs now appeal.

The issue presented for review is whether the Circuit Court of Cook County has jurisdiction to enjoin the collection of fraudulently excessive property taxes when the complaint filed does not include an allegation of payment under protest or an allegation of inadequate remedy at law.

By plaintiffs' verified complaint the subject property was purchased by the plaintiffs in October of 1970, at arm's length, for a full fair price of $65,000, and through 1972 the property had not changed in value. Even though the Cook County assessor uniformly assesses similar property at 40% of its market value, the 1972 assessed valuation of the subject property was $339,015.

The plaintiffs filed with the Cook County Board of Appeals a real estate assessed valuation complaint for 1972. Following a hearing on the complaint the Board of Appeals issued a "no change" order. Thereafter, plaintiffs filed a complaint in the Circuit Court of Cook County, which has led to this appeal.

■■ In examining whether the order granting the motion to dismiss should be reversed, certain procedural rules must be observed. Pleadings shall be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) A motion to dismiss admits, for the purpose of the motion, as true all facts well pleaded. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69.) A cause of action must not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle plaintiff to recover. *Country Mutual Insurance Co. v. Drendel* (1969), 116 Ill. App. 2d 466, 252 N.E.2d 757; *Kurowski v. Burch* (1972), 8 Ill. App. 3d 716, 290 N.E.2d 401.

■■ Plaintiffs argue a cause of action in fraud is properly alleged. The Illinois Supreme Court has recognized the principle that over-evaluation of property may be so excessive, under some circumstances, as to justify the conclusion that it was not a bona fide assessment and is thus constructively fraudulent. *People ex rel. Paschen v. Hendrickson Pontiac, Inc.* (1957), 12 Ill. 2d 477, 147 N.E.2d 29; *People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.* (1956), 8 Ill. 2d 66, 132 N.E.2d 544.

Defendants maintain the chancellor properly dismissed the complaint since equity should not assume jurisdiction to grant relief where an adequate remedy at law exists, and the plaintiffs failed to pursue their adequate remedy at law, which is payment under protest (Ill. Rev. Stat. 1971, ch. 120, par. 675).

Defendants cite two recent Illinois Supreme Court decisions in support of the proposition that equitable relief from excessive taxation is available only when the taxpayer pleads the unavailability of a legal remedy. See *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *La Salle National Bank v. Cook County* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.

In *Clarendon* the trial court entered temporary orders enjoining the county collector from collecting taxes based on the challenged assessments, whereas in the case at bar the question goes to jurisdiction over the controversy. In both *Clarendon* and *La Salle National Bank* the court was not dealing with the constitutional jurisdiction question presented by the plaintiffs at bar, and therefore are not controlling over the issue presented.

■■ It must be recognized that the Judicial Article embodied in the Illinois Constitution of 1970 has abolished the distinction between courts of law and equity so that our State's circuit courts have "original jurisdiction of all justiciable matters." (Ill. Const. 1970, art. VI, § 9.) The purpose of section 9 was to create a single integrated trial court structure (Ill. Ann. Stat., Ill. Const., art. VI, § 9, Constitutional Commentary (Smith-Hurd 1971)), thereby vesting the circuit courts with jurisdiction to adjudicate all controversies. Consequently, so long as a case presents a justiciable matter, the circuit court has jurisdiction and the presence or absence of an adequate remedy at law is an irrelevant consideration. See *Stevens v. Protectoseal Co.* (1975), 27 Ill. App. 3d 724, 327 N.E.2d 427; see also Fins, *Re-Examination of "Jurisdiction" in Light of New Illinois Judicial Article*, 53 Ill. Bar. J. 8, 11-12 (1964).

In Illinois, because jurisdiction is constitutional, vested in a unitary trial court, the failure of the parties, in a "justiciable matter," to comply with the provisions of a statute, may give rise to questions concerning procedure but not to questions concerning jurisdiction. *In re Estate of Marcucci* (1971), 5 Ill. App. 3d 484, 493, 285 N.E.2d 141, 147.

■■■ The Circuit Court of Cook County has jurisdiction to enjoin the collection of fraudulently excessive taxes even though the complaint in the action does not include an allegation of payment under protest or an allegation of inadequate remedy at law. In lieu of dismissing the complaint the trial judge should have assumed jurisdiction over the "justiciable matter" and dealt with the issue as a procedural matter, or transferred the action to a circuit court judge assigned to hear "law" cases.

Upon remand, the circuit court is now directed to proceed in such a manner. The plaintiffs should be given leave to amend the complaint, setting forth the payment of the tax or the reasons why it is impossible to pay an excessive tax.

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON and SULLIVAN, JJ., concur.