LOUISE MARSELLO, Plaintiff-Appellant, *v.* JOHN J. POLOSZEWSKI, Defendant-Appellee.

First District (4th Division)   No. 77-523

Opinion filed December 14, 1978.

Lane & Munday, of Chicago (Louis S. Goldstein, of counsel), for appellant.

James G. Head & Associates, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Louise Marsello, sued the defendants, Waldemar Lowczyk and John J. Poloszewski, in the circuit court of Cook County to recover for personal injuries allegedly proximately caused by defendants'

negligence in operating their motor vehicles. During the trial court proceedings, defendant Poloszewski moved the court to grant summary judgment based on the alleged lack of a material issue of fact with respect to liability on his part. He relied on the testimony of plaintiff in a discovery deposition for the basis of his motion. The court granted defendant's motion. Plaintiff appeals and we reverse.

The sole issue presented for review is whether the trial court erred in granting a motion for summary judgment in favor of the defendant.

The facts are as follows: On December 24, 1975, plaintiff was driving her motor vehicle in a southerly direction on Western Avenue near the intersection of 63rd Street. Defendant Poloszewski was also operating his motor vehicle in a southerly direction on Western Avenue. The other defendant at the trial court proceeding, Waldemar Lowczyk, was operating his motor vehicle in a northerly direction on Western Avenue near the same intersection as plaintiff. While plaintiff's vehicle was stopped at the corner of Western and 63rd Street, waiting to make a left turn, Lowczyk's vehicle struck plaintiff's car. Defendant Poloszewski's vehicle was directly behind plaintiff's auto at the time of the accident.

Plaintiff's complaint indicates that defendant Poloszewski's car collided with her vehicle. Defendant Poloszewski contends that plaintiff, in her deposition, states that his car was stopped at the time the Lowczyk vehicle collided with her automobile. The defendant moved for summary judgment on the basis of plaintiff's deposition testimony.

The trial court granted the motion for summary judgment on the ground that there was no genuine issue of a material fact regarding defendant Poloszewski's liability.

Plaintiff contends on appeal that the trial court erred in granting defendant's motion for summary judgment. We agree.

The principles applicable to a motion for summary judgment under section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) are well defined. "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ Courts have construed this section to mean that in determining whether there is a genuine issue of fact inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 150, 240 N.E.2d 699, 700-01.

The moving party's right to summary judgment must be free and clear from doubt. The court must construe the pleadings and affidavits most strictly against the moving party and most liberally in favor of the

opponent. *Donart v. Board of Governors, Western Illinois University* (1976), 399 Ill. App. 3d 484, 486, 349 N.E.2d 486, 489.

Applying these principles, we believe that the trial court should not have granted a summary judgment in favor of the defendant. Defendant, in support of his motion for summary judgment, cited excerpts from the transcript of plaintiff's deposition which indicated a possibility that the Poloszewski vehicle was stopped a short distance behind plaintiff. If this was the case, presumably it would not have been possible for defendant's alleged negligence to have proximately caused the collision between plaintiff's and defendant's vehicles.

■■ Plaintiff's sworn testimony taken with the allegations of her complaint indicate that she contends defendant collided with her car. This contention is obviously opposed to defendant's position. It is possible to imply from the above conflicting statements, in construing the pleadings and affidavits most favorably toward plaintiff, that fair-minded persons could draw different inferences from the facts.

■■ The courts' only function, when presented with a motion for summary judgment, is to determine if a genuine issue exists as to a material fact. Summary judgment is proper if no genuine issue exists as to a material fact, but summary judgment is improper if such an issue does exist. (*Farmers Automobile Insurance Association v. Hamilton* (1975), 31 Ill. App. 3d 730, 732, 335 N.E.2d 178, 180.) Based on the foregoing, the summary judgment order was improper and should not have been granted.

In rendering our decision, the court also reviewed a case cited by defendant, *Welsh v. Centa* (1966), 75 Ill. App. 2d 305, 221 N.E.2d 106, which had a similar fact pattern. The court in *Welsh* granted a motion for summary judgment, but the testimony in plaintiff's deposition required the granting of the motion in that case. In *Welsh*, the plaintiff's car was struck in the rear by defendant's auto after defendant had been struck by a third vehicle. Plaintiff's deposition testimony was, " 'I was pretty sure she [defendant] was stopped [at the time of the accident].' " Clearly in that case plaintiff's testimony showed there was no genuine issue of a material fact with regard to defendant's negligence. This is not true in the present case. The testimony of the plaintiff leaves a material fact in doubt; whether defendant was or was not negligent in the collision between his and plaintiff's vehicles.

A party's right to summary judgment should be free from doubt, and the record on which the summary judgment was granted in this case does not meet this requirement. In the instant case, the court must conclude that a genuine issue as to a material fact exists.

In light of the foregoing, we conclude that entry of a summary

judgment in this case was erroneous. We reverse and remand to the trial court for trial on the merits of the case.

Reversed and remanded.

ROMITI and LINN, JJ., concur.