CHARLES TALLEY, JR., Plaintiff-Appellant, *v.* CYRUS YONAN, JR., Defendant-Appellee.

First District (2nd Division)    No. 78-1303

Opinion filed May 22, 1979.

852.

Charles Talley, Jr., of Joliet, for appellant, *pro se.*

No appearance for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Charles Talley, Jr., filed a *pro se* complaint seeking compensatory and punitive damages against defendant, Cyrus Yonan, Jr., for legal malpractice. The trial court granted defendant's *pro se* motion to dismiss. Plaintiff appeals contending that a cause of action was stated. Defendant has not filed a brief, but we shall consider the basis for the trial court's decision. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The verified complaint alleged that defendant had represented plaintiff at a trial which resulted in plaintiff's conviction on November 4, 1974, for rape and armed robbery; that the matter was continued until December 4, 1974, to allow defendant to file a motion for a new trial; that plaintiff was released on bond during the latter part of this interim; that defendant showed plaintiff a copy of the post-trial motion on November 27, 1974; that plaintiff was not present in court on December 4, 1974, but defendant was there; that defendant did not file or argue the post-trial motion, nor did defendant request a continuance to do so; that on January 14 and January 17, 1975, plaintiff was not present in court; that on these dates defendant did not appear to argue or file post-trial matters but rather sent his secretary to inform the court defendant was engaged in trial in another county; that on the latter date the plaintiff was sentenced *in*

*absentia* based on improper matters presented against him; and that defendant failed to properly proceed to protect plaintiff's rights for direct appeal. The complaint further alleged that plaintiff was taken into custody in September 1975, and he thereafter had to borrow $2500 to retain other counsel in seeking post-conviction relief.[1] The complaint not only sought compensatory damages based on a claim of negligence but also punitive damages due to defendant's alleged willful, wanton and malicious misconduct.

Attached to the complaint were several exhibits including a copy of a portion of the trial transcript commencing with the trial court's finding that plaintiff was guilty of rape and aggravated kidnapping on November 4, 1974, and continuing the cause until December 4 for imposition of sentence. The transcript for the latter date is not included in the exhibit. However, the proceedings for January 17, 1975, are contained therein. The assistant State's Attorney recited the chronology of events since plaintiff's conviction. Plaintiff did not appear for sentencing on December 4, 1974, and defendant advised the court on that date that he did not know plaintiff's whereabouts; the following day a bond forfeiture warrant was entered; plaintiff still did not appear on January 7 and 14, 1975, when the case was again scheduled. The trial court found that plaintiff was willfully absenting himself from sentencing. At this juncture defendant's secretary appeared and advised the court that defendant was still engaged in a trial in downstate Illinois as he had been on January 14, 1975. After the assistant State's Attorney reiterated that plaintiff had failed to appear in court on five occasions since his conviction, sentence was imposed.

In his *pro se* "motion to dismiss," defendant alleged that he did prepare and file a post-trial motion on December 4, 1974, but plaintiff did not appear; nor did plaintiff appear on four subsequent occasions. Defendant stated that on the two latter dates he was unable to appear because of another trial.

Plaintiff does not allege any instances to suggest defendant negligently or otherwise misperformed his services during trial. Rather it would appear that all claims of defendant's improper conduct arose at a time when plaintiff was a fugitive from justice.

■■■ A motion to dismiss a complaint admits, for purposes of disposition of that motion, all facts well pleaded in the complaint (*Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 927, 369 N.E.2d 67); and a dismissal is proper only when it clearly appears no set of facts can be proved that would sustain a recovery (*Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 379, 361 N.E.2d 6). The factual allegations

---

[1] After plaintiff's subsequent post-conviction petition was denied, this court entered an order on December 27, 1977, remanding this cause for a "proper sentencing hearing." People v. Talley, No. 76-1109.

contained in defendant's motion to dismiss present a question more appropriately left to a proceeding for summary judgment. However, since plaintiff attached a copy of the trial transcript to his complaint which in substantial part corroborates matters raised in defendant's motion, we believe that consideration should be given to them in order to expedite disposition of this cause. *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406-07, 312 N.E.2d 605.

■ It would appear that plaintiff's primary assertion is that defendant's post-trial conduct prevented him from filing a direct appeal in the matter. However, plaintiff was a fugitive during the 30-day period for filing of a notice of appeal in the trial court, following entry of judgment on January 17, 1975, and he remained a fugitive during the 6-month period thereafter during which a late notice of appeal could have been allowed by this court (Ill. Rev. Stat. 1977, ch. 110A, par. 606(b), (c)). Thus, any attempt to file a direct appeal would have resulted in dismissal. (*People v. Estep* (1952), 413 Ill. 437, 439-40, 109 N.E.2d 762.) Further, we note that plaintiff did not allege that defendant had been retained to perfect an appeal on his behalf or provide any legal services for post-conviction relief.

■ Any negligent conduct on the part of defendant in failing to appear on January 14 and 17, 1975, which may have prejudiced plaintiff, is clearly vitiated by plaintiff's conduct as a fugitive thus defeating any claim of negligence. (*Sprague v. Commonwealth Edison Co.* (1978), 59 Ill. App. 3d 342, 348, 375 N.E.2d 493.) Moreover, under the circumstances disclosed by the record, defendant's acts cannot be said to have shown such complete indifference or disregard to plaintiff as to amount to willful and wanton conduct by defendant. (*Sprague*, at 346-47.) Assuming arguendo that defendant's acts could be characterized as willful and wanton conduct, recovery would be barred by plaintiff's contributory willful and wanton conduct. (*Zank v. Chicago, Rock Island & Pacific R.R. Co.* (1959), 17 Ill. 2d 473, 476, 161 N.E.2d 848.) Finally, there is no basis to show any malice in defendant's conduct. See *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 135-36, 320 N.E.2d 389.

Accordingly, we find that the trial court did not err in dismissing the complaint, and its judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and DOWNING, J., concur.