MAX KEMLING, Adm'r of the Estate of Ruth Kemling, Deceased, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Second District   No. 81-521

Opinion filed June 30, 1982.—Rehearing denied August 6, 1982.

John R. Wienold and Bernard K. Weiler, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellant.

Roger K. O'Reilly, of O'Reilly and Cunningham, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, Country Mutual Insurance Company, appeals from a declaratory judgment of the circuit court of Du Page County estopping it from contesting in a pending arbitration hearing the negligence of an uninsured motorist as the proximate cause of injury sustained by plaintiff, Max Kemling.

On February 23, 1979, plaintiff was injured and his wife, Ruth Kemling, killed in a collision between an automobile driven by plaintiff, in which his wife was a passenger, and an uninsured vehicle driven by John Menig. Kemling's automobile was covered by a policy of insurance issued by Country Mutual which contained an uninsured motorist provision by which the insurance company agreed to pay for injuries sustained by plaintiff and his family in such a collision if the uninsured motorist was liable. The insurance contract also provided that if the parties were unable to agree as to the uninsured motorist's liability and the amount of damages, those questions would be submitted to binding arbitration in which the rules of evidence applicable in a court of law would apply.

On November 21, 1980, the claim of Max Kemling, as administrator of the estate of Ruth Kemling, deceased, was submitted to a panel of arbitrators selected pursuant to the contract. The arbitrators found in favor of the estate and awarded it damages of $82,500. No record was required to be made of the arbitration proceedings and none was made.

Max Kemling, as administrator of the estate of Ruth Kemling, deceased, filed a complaint for confirmation of the award in the circuit

court pursuant to section 11 of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 111). Thereafter, Max Kemling, individually, filed an amendment to the complaint adding count II in which he sought a declaratory judgment that Country Mutual was estopped from contesting any liability issues or the negligence of the uninsured motorist in the pending arbitration claim of Max Kemling for his own personal injury. After hearings, the trial court entered an order confirming the arbitrators' award to the estate of Ruth Kemling and further ordered that Country Mutual was estopped from contesting in any arbitration hearing the issue of negligence of the uninsured motorist, John Menig, as being a proximate cause of the collision giving rise to the claim of Max Kemling, individually, for personal injuries under the policy of insurance issued to him by Country Mutual. It is the latter order from which Country Mutual appeals.

The primary question offered for our resolution by this appeal is whether the doctrine of *res judicata* applies to issues determined in arbitration proceedings.

Defendant contends the circuit court lacks jurisdiction under the declaratory judgment act (Ill. Rev. Stat. 1979, ch. 110, par. 57.1) or the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 101 *et seq.*) to limit the issues to be submitted or the procedures followed in arbitration, and that collateral estoppel cannot be applied to bar the scope of arbitration. Plaintiff argues that as section 14 of the Uniform Arbitration Act provides for the enforcement of a judgment confirming an arbitration award "as any other judgment" (Ill. Rev. Stat. 1979, ch. 10, par. 114), the doctrine of estoppel by verdict applies to preclude the parties from relitigating the same issues.

■■ It has been held that arbitration is in the nature of a judicial inquiry with its object to achieve a final and binding disposition of differences between parties, both present and prospective, with the force of an adjudication precluding the parties from relitigating the same subject. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 93, 242 N.E.2d 149, 151; *White Eagle Laundry Co. v. Slawek* (1921), 296 Ill. 240, 244, 129 N.E. 753, 754-55; *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 1046-47, 363 N.E.2d 460, 463; *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 239-40, 356 N.E.2d 1012, 1036-37, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 99, 98 S. Ct. 127.) The arbitrators become judges of fact and law by choice of the parties, and their honest decision within the scope of the submission should be final. *Sherfy v. Graham* (1874), 72 Ill. 158, 159; *American Invsco Realty, Inc. v. Century 21, Rohter & Co.* (1981), 96 Ill. App. 3d 56, 58-59, 420 N.E.2d 692, 695, *appeal denied* (1981), 85 Ill. 2d 562; *Country Mutual Insurance Co. v.*

*National Bank of Decatur* (1969), 109 Ill. App. 2d 133, 137, 248 N.E.2d 299, 302, *appeal denied* (1969), 42 Ill. 2d 583.

■■ The doctrine of *res judicata* is based upon requirements of justice and public policy which reflect the consideration that there be an end to litigation after each party has had a full opportunity to present all pertinent facts. (*Palya v. Palya* (1980), 87 Ill. App. 3d 472, 474, 409 N.E.2d 133, 135.) A judgment by a tribunal having jurisdiction of the parties and subject matter should be conclusive as to the facts in question and issues determined in the first proceedings when the same issue is again raised between those parties. *C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109, 110-11, 394 N.E.2d 916, 918, *appeal denied* (1980), 79 Ill. 2d 625; *Chas. Ind. Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 36, 205 N.E.2d 786, 789, *appeal denied* (1965), 32 Ill. 2d 625.

■■ Collateral estoppel or estoppel by verdict, a branch of *res judicata*, prohibits relitigation of an issue essential to and actually decided in an earlier litigation by the same parties or their privies. (*City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1119-20, 418 N.E.2d 63, 71; *Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 90, 350 N.E.2d 76, 79.) Under the modern view, identity of party for application of estoppel is satisfied so long as the party against whom its application is sought, Country Mutual in this case, is identical in both actions and had a full and fair opportunity to contest an issue which was necessarily determined in the prior proceeding. *C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109, 111, 384 N.E.2d 916, 918, *appeal denied* (1980), 79 Ill. 2d 625; *Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477, 486, 222 N.E.2d 274, 279, *appeal denied*; Chas. Ind. Co. v. Cecil B. Wood, Inc. (1965), 56 Ill. App. 2d 30, 36-37, 205 N.E.2d 786, 789, *appeal denied* (1965), 32 Ill. 2d 625; see *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.* (N.D. Ill. 1980), 485 F. Supp. 484; *Butler v. Stover Brothers Trucking Co.* (7th Cir. 1977), 546 F.2d 544.

Country Mutual contends the Uniform Arbitration Act, adopted by Illinois, grants the circuit court only limited jurisdiction over arbitrable disputes confined to the power to compel or stay arbitration, to enforce awards and to vacate, modify or correct awards made under specified circumstances. (Ill. Rev. Stat. 1979, ch. 10, pars. 102, 111—114.) It argues that as the relief sought by plaintiff's declaratory judgment action is not prescribed in the statute the court lacked authority to enter the judgment from which it appeals, citing *Illinois Power Co. v. Miller* (1956), 11 Ill. App. 2d 296, 302, 137 N.E.2d 78, 81-82.

■■ Subject matter jurisdiction is the fundamental power of the court to hear and decide a case on its merits; it does not simply mean jurisdiction of the particular case before it, but the class of cases to which that case

belongs. (*Merit Chevrolet, Inc. v. Department of Revenue* (1965), 33 Ill. 2d 207, 212, 210 N.E.2d 470, 473-74; *Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 67-68, 418 N.E.2d 431, 438-39, *appeal denied* (1981), 85 Ill. 2d 567.) In Illinois, circuit courts have original jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, sec. 9; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380, 361 N.E.2d 6, 8, *appeal denied*), and while the General Assembly may limit the trial court's power substantively by statute, it may not limit the trial court's power procedurally to construe statutory rights. (*Palella v. Leyden Family Service & Mental Health Center* (1980), 79 Ill. 2d 493, 499, 404 N.E.2d 228, 231; *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 219, 432 N.E.2d 881, 886; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380, 361 N.E.2d 6, 8, *appeal denied*.) The test of jurisdiction is to be found in the nature of the case and the relief which is sought. *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 457, 371 N.E.2d 1012, 1018, *appeal denied* (1978), 71 Ill. 2d 605.

■■ Here, the nature of the relief sought by plaintiff was a declaration as to the legal effect, if any, of the first arbitration on the pending arbitration which presented a dispute admitting of immediate and definitive determination pursuant to the declaratory judgment statute. No relief was sought by plaintiff under the arbitration act. The scope of declaratory judgment relief is broad, liberal and unrestricted by technicalities. (*In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 485, 407 N.E.2d 1131, 1134; *Young v. Hansen* (1969), 118 Ill. App. 2d 1, 6, 249 N.E.2d 300, 303.) It is designed not to supplant existing remedies, but as an alternate or additional remedy to facilitate the administration of justice and to settle and fix rights of the parties based upon an actual justiciable controversy. (*Miller v. County of Lake* (1980), 79 Ill. 2d 481, 487, 404 N.E.2d 222, 225; *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450, 389 N.E.2d 529, 531-32.) No action or proceeding is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. Ill. Rev. Stat. 1979, ch. 110, ch. 57.1.

In *Illinois Power Co.*, relied upon by defendant, it was held that a court acting under the declaratory judgment act may not interpret, define, elucidate or declare rights determined under a former judgment and declaratory judgment may not be used as a substitute for appeal or a means by which a litigate might reexamine a prior judgment. The court determined a declaratory judgment had been properly sought in that case to declare rights of parties bringing it who were not parties to the original proceedings.

This question has been addressed by the reviewing courts in New York, upon whose arbitration act the uniform act was patterned. (Ill. Ann. Stat., ch. 10, par. 30, Introductory Note, at 401 (Smith-Hurd 1975).) In

*Rembrandt Industries, Inc. v. Hodges International, Inc.* (1976), 38 N.Y.2d 502, 504, 381 N.Y.S.2d 451, 452, 344 N.E.2d 383, 384, the court reasoned that while review of an arbitration award was limited in the trial court, the question of the scope of the award and its *res judicata* applicability in a subsequent arbitration was an issue properly determinable by the court and not by the arbitrators. See also *In re Application of Weinberger* (1973), 41 App. Div. 2d 620, 340 N.Y.S.2d 720.

■■ We conclude declaratory judgment was properly brought in the present case, as it does not seek to redetermine the rights of either Country Mutual or the estate resolved in the initial arbitration proceeding. The first arbitration proceeding addressed the issue of defendant's liability to the estate; the declaratory judgment action does not seek to affect rights resulting therefrom but addresses only the procedural question of what effect that determination may have in Max Kemling's personal arbitration proceedings. See *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 380, 361 N.E.2d 6, 8, *appeal denied*; *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 986, 341 N.E.2d 729, 730-31.

Although Illinois reviewing courts have not heretofore addressed the primary question presented by this case, other jurisdictions have concluded that collateral estoppel does apply to an issue of fact actually contested and decided in an earlier arbitration, if that issue was properly before the arbitrators and the party against whom the estoppel is asserted had a full and fair opportunity to contest it at that time. (*Ufheil Construction Co. v. Town of New Windsor* (S.D.N.Y. 1979), 478 F. Supp. 766, 767-68, *aff'd* (2d Cir. 1980), 636 F. 2d 1204; *Overseas Motors, Inc. v. Import Motors Limited, Inc.* (E.D. Mich. 1974), 375 F. Supp. 499, 511, *aff'd* (6th Cir. 1975), 519 F. 2d 119, *cert. denied* (1975), 423 U.S. 987, 46 L. Ed. 2d 304, 96 S. Ct. 395; *James L. Saphier Agency, Inc. v. Green* (S.D.N.Y. 1961), 190 F. Supp. 713, 719; *Israel v. Wood Dolson Co.* (1955), 285 App. Div. 719, 720-21, 140 N.Y.S.2d 663, 665-66.) In *In re Arbitration between American Insurance Co. & Messinger* (1977), 43 N.Y.2d 184, 188-89, 401 N.Y.S.2d 36, 38, 371 N.E.2d 798, 800-01, a case factually similar to this one, the court held that a determination made in arbitration of a property damage claim between insurance carriers was binding in a subsequent injury arbitration arising out of the same conduct. See *Dewey v. Reynolds Metals Co.* (6th Cir. 1970), 429 F. 2d 324, *aff'd* (1971), 402 U.S. 689, 29 L. Ed. 2d 267, 91 S. Ct. 2186; *Lehto v. Underground Construction Co.* (1977), 69 Cal. App. 3d 933, 138 Cal. Rptr. 419; *Corey v. Avco-Lycoming Division, Avco Corp.* (1972), 163 Conn. 309, 307 A. 2d 155; compare *Operating Engineers Local No. 450 v. Mid-Valley, Inc.* (S.D. Tex. 1972), 347 F. Supp. 1104, 1107.

We need not decide here whether collateral estoppel may apply

between successive arbitrations in Illinois, as under traditional principles of that doctrine it would, in any event, be inapplicable in this case. As earlier noted, the offensive use of collateral estoppel requires a close examination of whether defendant had a full, fair and complete opportunity to contest the negligence issue during the first arbitration proceeding. (*Fred Olson Motor Service v. Container Corp. of America* (1980), 81 Ill. App. 3d 825, 830-31, 401 N.E.2d 1098, 1102, *appeal denied* (1980), 81 Ill. 2d 591.) In the present case the trial court had no record before it upon which it could make a determination of that circumstance. Defendant notes that defenses applicable to the parties in the first proceeding, particularly the Dead Man's Act (Ill. Rev. Stat. 1979, ch. 51, par. 2), which could be asserted in the arbitration on behalf of the deceased passenger, are not applicable in the second pending arbitration in which Max Kemling's personal injury claim will be considered. No evidence was presented to the trial court in this case from which it could conclude that defendant had a full opportunity to contest the negligence issue in the first proceeding. See *People ex rel. Scott v. Police Hall of Fame, Inc.* (1978), 60 Ill. App. 3d 331, 344, 376 N.E.2d 665, 675; *Pipitone v. Mandala* (1962), 33 Ill. App. 2d 461, 465, 180 N.E.2d 33, 35.

In *Fred Olson Motor Service v. Container Corp.* a truck driver involved in an accident had been prevented from testifying in a prior judicial action in which he had been found negligent because of application of the Dead Man's Act. The reviewing court concluded that collateral estoppel could not, therefore, be used offensively to prevent relitigation of the liability issue in subsequent actions arising out of the same action.

Accordingly, the judgment of the circuit court of Du Page County is reversed.

Reversed.

HOPF and LINDBERG, JJ., concur.